CITY OF PORTLAND

*vs.*

UNION MUTUAL LIFE INSURANCE COMPANY.

Cumberland.    Opinion March 4, 1887.

*Tax. Union Mut. Life Ins. Co. R. S., c. 6, §§ 13 and 14. Stat. 1885, c. 329.*

Prior to the enactment of Stat. 1885, c. 329, the Union Mutual Life Insurance Company was taxable in Portland for its national bank stocks, bonds, securities and other personal property under provisions of R. S., c, 6, § 13.

The personal property of a life insurance company, in which its annual earnings and premiums, received from policy holders,. are invested, are not "personal property placed in the hands of any corporation as an accumulating fund for the future benefit of heirs or other persons," within the meaning of the seventh clause of R. S., c. 6, § 14.

ON report.

This was an action to recover a tax assessed by the city of Portland upon personal property of the defendant for each of the years 1882 and 1883 and was submitted to the law court upon an agreed statement of facts.   The material facts are stated in the opinion.

*Joseph W. Symonds*, city solicitor, for plaintiff, cited : *Davis* v. *Macy*, 124 Mass. 195.

The class of cases to which the seventh clause R. S., c. 6, § 14, applies may be seen by examination of *Hathaway* v. *Fish*, 13 Allen, 267 ; *Freetown* v. *Fish*, 123 Mass. 355 ; *Davis* v. *Macy, supra.*

*Bion Bradbury*, also for plaintiff, cited : *Augusta Bank* v. *Augusta*, 36 Maine, 255 ; *Baldwin* v. *Trustees, &c.* 37 Maine, 372 ; Redf. Railways, c. 30, § 228, c. 5 ; *Otis* v. *Ware*, 8 Gray, 509 ; *P. S. & P. R. R. Co.* v. *Saco*, 60 Maine, 200 ; *Judkins* v. *Reed*, 48 Maine, 386 ; Hilliard, Taxation, c. 9, § 9 *et seq.* ; *British* v. *Commissioners*, 31 N. Y. 32 ; *Salem Iron Factory* v. *Danvers*, 10 Mass. 514 ; *Amesbury W. & C. M'f'g Co.* v. *Amesbury*, 17 Mass. 461 ; *Hartford Fire Ins. Co.* v. *Hartford*, 3 Conn. 15 ; *Sun. Ins. Co.* v. *New York*, 4 Seld. 241 ; *People* v. *Board,* 16 N. Y. 424.

*Drummond and Drummond,* for defendant.

As matter of fact, the personal property held by corporations has been taxable by the municipalities in comparatively few cases. And yet if the construction claimed by the plaintiff's counsel in this case is correct, every one of them should be taxed. Take for example the case cited by counsel for plaintiff, *Augusta Bank* v. *Augusta,* 36 Maine, 255. The tax in question in that case was assessed under chapter 159 of the laws of 1845, and is almost exactly the same as the law was when the tax in this case was assessed.

In this case we invoke and rely upon the precise principle decided in that Augusta case. The law requires the policy-holder to be taxed for the value of his policy as in that case it required the shareholder to be taxed for the value of his share; and in neither case can the corporation be taxed.

The fact is that the law favors life insurance as it does deposits in savings banks, and even more as is seen by the provisions in relation to exempting them from attachment; and it certainly cannot be held to subject them to double taxation.

Our funds are property placed in our hands as an accumulating fund for the future benefit of widows and orphans, whose rights are sedulously protected by the law, so that neither the person placing the funds nor his creditors can divert them. The provision in the law was evidently made for this very case, as well as for savings banks. So our funds are expressly excepted from the provisions of R. S., c. 6, § 13.

LIBBEY, J. The only question in this case that need be decided is, whether the defendant corporation, a mutual life insurance company, was legally taxable for its personal property, in Portland, in 1882 and 1883. It owned stocks in national banks, in this state of an assessable value sufficient to produce the tax assessed against it and claimed in this action, besides a large amount of other personal property, in which its funds and annual earnings had been invested. It is a corporation organized under the law of this state and had its principal place of business in Portland, so that it was taxable there if legally taxable.

By R. S., c. 6, § 13, "all personal property within or without the state, except in cases enumerated in the following section, shall be assessed to the owner in the town where he is an inhabitant, on the first day of each April."

This language embraces corporations as well as persons. The defendant being the owner of the property in this state, was taxable unless within one of the exceptions in § 14, or exempt by some other provision of the statute. It is claimed and strenuously maintained by its counsel that it is within the seventh exception enumerated in § 14, which reads as follows: "Personal property placed in the hands of any corporation as an accumulating fund for the future benefit of heirs or other persons, shall be assessed to the person for whose benefit it is accumulating, if within the state, otherwise to the person so placing it, or his executors, or administrators, until a trustee is. appointed to take charge of it or its income, and then to such trustee."

The deposit so placed may be of a kind of property, such as stocks, to be retured *in individuo,* with its income, or it may be money to be invested at interest and a like sum with its accumulations returned at the time stipulated. In either case the obligation is absolute. *Hathaway* v. *Fish,* 13 Allen, 267; *Davis* v. *Macy,* 124 Mass. 193.

Are the premiums paid as the consideration for the contract of life insurance, personal property placed in the hands of the insurance company as an accumulating fund for the future benefit of heirs or other persons within the meaning of this statute? We think not. The premiums are paid absolutely to the corporation as the consideration for the policy of insurance. They, with their accumulations are not to be paid to heirs or other persons at some future day; but the sum to be paid by the special contract on the happening of the death of the insured is fixed and absolute, having no regard to the amount of premiums paid or their accumulations. The insurance may become payable by the death of the insured within the first year, before a second premium becomes due, or it may not become due and payable till the premiums paid, with their accumulations are double or

triple the sum of the insurance; or it may never become payable by reason of a failure to pay the premiums, or a violation of some other condition of the contract by the insured, and if the insurance is payable in case of the death of the insured, to his legal representatives, and he dies leaving no widow or issue, the insurance is not for the "benefit of heirs or other persons," but goes into his general estate to be administered as other personal assets, R. S., c. 64, § 48, and c. 75, § 10. If anything is left after payment of debts the heirs take by descent and not by purchase as when the fund is placed in the hands of a corporation to accumulate for their future benefit. The contract of life insurance is not a deposit of the premiums to be paid to some person with their accumulations at some future time, but a special contract of hazard for the payment of a sum stipulated without regard to the amount paid in premiums before the happening of the contingency.

It is claimed that the construction which we feel compelled to give to the statute casts upon mutual life insurance companies an unjust burden. If so it is a question addressed to the legislature, and not to the court; and since this action was commenced the legislature has acted upon it by providing a new mode of taxing all life insurance companies, so the question is no longer of practical importance. Act of 1885, c. 329.

*Judgment for plaintiffs.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.