WILLIAM D. GOWER *vs.* INHABITANTS OF JONESBORO'.

Washington. Opinion January 2, 1891.

*Tax. Personal Property,—employed in trade. R. S., c. 6, § § 13, 14, cl. 1.*

The plaintiff, a resident of Sedgwick, caused to be cut from a tract of wild land owned by him and situated in the defendant town, fire wood, pulp wood, and

kiln wood, aggregating eleven hundred cords, and two hundred piles, all of which wood and piles he caused to be conveyed to the landing at the shore on said tract, before April 1, 1888, there to remain until sold in small quantities or by the whole lot, to local or other parties, as might thereafterwards be found expedient.

The piles were disposed of during the year by occasional shipments to other ports, as was also the greater part of the wood, partly by such shipments, and partly by sales from time to time to local parties, whenever there was a demand therefor.

In a suit brought by the plaintiff against the town, where the same was cut and conveyed, to the landing therein, to recover the amount of tax paid under protest by the plaintiff; *Held*: That the wood and piles were "personal property employed in trade," and for which the plaintiff was legally taxable, in the defendant town, under the first paragraph of § 14, c. 6, R. S., which provides that "All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town, where so employed, on the first day of April; provided that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place, or shipyard therein, for the purpose of such employment."

FACTS AGREED.

The case, which is stated in the opinion, was submitted without argument.

The agreed statement of facts is as follows :

"Plaintiff is, and was on the first day of April, A. D. 1888, and long before, a resident of Sedgwick, in the County of Hancock. In the winter of 1887-8, plaintiff, by his agent, George R. Crandon, caused to be cut from a tract of wild land owned by the plaintiff, and situated in the defendant town, fire wood, pulp wood, and kiln wood, aggregating eleven hundred cords and two hundred piles, all of which wood and piles, said agent caused before April 1, A. D., 1888, to be conveyed to the landing at the shore on said tract, to remain until sold by piecemeal, or by the whole lot, to local or other parties as might thereafterwards be found expedient. Said operations by Crandon were by virtue of a contract made with said Gower, in the fall of 1887, said Crandon's compensation therefor being stipulated monthly wages ; and said operations were fully performed and completed on the 28th day of March, A. D., 1888. On or about April 15, of that year, said Crandon was again employed by said Gower to care for, manage, sell to local parties or ship

said wood and piles, without any express agreement as to term of service or amount of compensation therefor. Said agent has ever since continued to perform services, having disposed of said piles by occasional shipments to other ports, and of the greater part of said wood, partly by such shipments, and partly by sales from time to time to local parties whenever there was demand therefor. Part of said wood still remains on said landing unsold and in charge of said agent. All of this wood and piles, so cut as aforesaid, was on said landing on April 1, 1888.

"Plaintiff was taxed for said wood and piles by the assessors of taxes in defendant town for the year 1888. . . . The tax was paid in full by plaintiff under protest on March 15, 1890, he retaining and reserving his full legal rights to recover back said sum, or any part thereof, provided it be found that he was not legally taxed for said property or any part thereof. Said tax has been paid into the treasury of the defendant town. The plaintiff was not taxed for said wood and piles, in the town of Sedgwick, in 1888."

*F. I. Campbell and E. E. Livermore*, for plaintiff.

*C. B. Donworth*, for defendants.

FOSTER, J. Action to recover a sum of money, paid under protest to the defendant town, on the ground that the property on which the tax was laid was not taxable to the plaintiff in the defendant town.

The case comes up on an agreed statement, by which it appears that the plaintiff, a resident of Sedgwick, caused to be cut from a tract of wild land owned by him and situated in the defendant town, fire wood, pulp wood, and kiln wood, aggregating eleven hundred cords, and two hundred piles, all of which wood and piles he caused to be conveyed to the landing at the shore on said tract before April 1, 1888, there to remain until sold by piecemeal, or by the whole lot, to local or other parties as might thereafterwards be found expedient.

The piles were afterwards disposed of during the year by occasional shipments to other ports, as was also the greater part of the wood, partly by such shipments, and partly by sales from

time to time to local parties whenever there was a demand therefor.

All the wood and piles so cut were on the landing on April 1, 1888 — the year for which the tax was laid.

The only question submitted for our consideration is whether the plaintiff was legally taxable in the defendant town for the wood and piles cut and upon the landing as before stated.

By R. S., c. 6, § 13, the plaintiff was taxable for all his personal property in Sedgwick, the town in which he resided, unless within one of the exceptions named in the following section. The tax, to be sustained by the town of Jonesboro', must appear to be upon property included in one of these exceptions. The defendant town claims it was "personal property employed in trade," and for which the plaintiff was legally taxable under the first paragraph of § 14, which reads as follows : "All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of April ; *provided* that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or shipyard therein for the purpose of such employment."

That the plaintiff occupied a landing place within the town of Jonesboro', on the first day of April, 1888, for the purpose of selling the wood and piles, may be regarded as unquestioned upon the agreed statement.

The only question, then, about which there can be the slightest contention, is this, — was the property "employed in trade," within the meaning of the statute? We think it was. It was upon the plaintiff's landing to be sold or disposed of either in small quantities or by the whole lot, as might be found expedient. The disposition of it after it was hauled to the landing is evidence that it was employed in trade. It was sold to various parties from time to time in greater or less quantities, whenever there was a demand for the same. The appropriate meaning of "trade," as used in the statute, as defined by Bouvier, embraces "any sort of dealings by way of sale or exchange ; commerce ; traffic." Webster, Trade.

It is the policy of the law that all property, with certain exceptions, should bear its just proportion of the public burdens. The statute contemplates that it should be taxed to the owner, either in the town where he resides, or the town where it is situated. This statute is to be construed liberally in order to effectuate the object to be accomplished by its provisions, instead of placing such a construction upon it as would leave it in the power of the owner of such property successfully to evade taxation for it anywhere. Were we to apply the same degree of strictness in its construction as is usually applied to the term "trader," under the provisions of the insolvent law, there can be little doubt that the plaintiff would fall within its provisions. *In re Merryfield*, 80 Maine, 233 ; *Groves* v. *Kilgore*, 72 Maine, 489 ; *Sylvester* v. *Edgecomb*, 76 Maine, 499.

The conclusion at which we have arrived disposes of the case, and in accordance with the stipulation in the agreed statement the entry must be,

*Plaintiff nonsuit.*

PETERS, C. J., LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.