INHABITANTS OF FARMINGDALE

*vs.*

BERLIN MILLS COMPANY.

Kennebec.    Opinion December 11, 1899.

93   333]
e98   383]

93    333
f104   279
f104   286

*Taxes.    Logs.    Employed in Trade.    R. S., 1857, c. 6, § 10, 11; R. S., 1883, c. 6, § 14.*

In action of debt to recover a tax, it appeared that on April 1, 1897, the defendant corporation, an inhabitant of Portland, owned, occupied and used a sawmill in Farmingdale.    It also owned a large quantity of logs, then on landings in Chain of Ponds in Franklin county, which were destined for that mill, and were in fact sawed there during the season of 1897, but did not arrive in Farmingdale till after June 1 of that year.    These logs were taxed by Farmingdale, the plaintiff town, under R. S., chapter 6, § 14, which provides that "all personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April; provided, that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing-place or ship yard therein for the purpose of such employment."

*Held;* that these logs must be regarded as employed in trade at the Farmingdale mill, within the meaning and purpose of the statute, on April 1, 1897, and were therefore legally taxable there to the defendant.

ON REPORT.

Action of debt to recover a tax.    Writ dated February 27, 1899.

(DECLARATION.)

In a plea of debt for that the said defendant corporation on the first day of April, A. D. 1897, was the owner of a saw-mill, wharf and landing-place in said Farmingdale; that it was also on said

date the owner of certain personal property, to wit: four million feet of logs of the value of twenty thousand dollars; that said company was then and there occupying said saw-mill, wharf and landing-place for the purpose of employing said logs in trade, to wit: of manufacturing said four million feet of logs into lumber, and selling the same in the open market; that said defendant company was liable to be taxed in said town of Farmingdale for said logs and the assessors of taxes of said town for the year 1897, duly elected and legally qualified, assessed upon said defendant company on said logs the sum of two hundred and twenty-five dollars, said sum being said defendant's proportion of the town, county and state tax for said year 1897. And the assessors did on the first day of June, 1897, make a perfect list of said taxes under their hands and commit the same to the hands of John H. Burnham, collector of said town for said year, who was duly elected and duly qualified with a warrant in due form of law for said year, under their hands of the date aforesaid; that said John H. Burnham died on the 16th day of January, 1898, without having completed the collection of taxes committed to him for the year 1897, and that Georgie T. Burnham, of said Farmingdale, was duly appointed by the selectmen of said Farmingdale, to perfect the collection of taxes of said John H. Burnham, deceased, and was duly qualified by law therefor on the 31st day of January, 1898; and the plaintiffs aver that the said tax was duly and seasonably demanded of said defendant company by said collector prior to the commencement of this suit. Said plaintiffs further aver that the selectmen of said town did on the 6th day of January, 1899, direct in writing the collector of taxes of said town to commence an action of debt in the name of the inhabitants of said town against said Berlin Mills Company for the collection of said tax and interest due thereon; whereby and by reason of the statute in such case made and provided, the defendant company became liable and an action hath accrued to the plaintiffs, to have and recover of the defendant company the sum of two hundred and twenty-five dollars.

Plea, general issue.

The case appears in the opinion.

*A. M. Spear,* for plaintiff.

*H. M. Heath and C. L. Andrews, C. F. Libby* with them, for defendant.

The legislature of 1883 took the suggestion of the court and declared in express terms that the same limitation as to time should extend to exception first.  When it changed paragraph 3 from " shall be taxed in such town " to the clause " shall be taxed in the town where so employed on the first day of each April " it introduced the missing element of limitation of time, as did the legislature of Massachusetts, and met the suggestion of Judge BARROWS that with such a limitation, the rule of the Ellsworth case would have been reversed.

Compare the language "all logs in any town in this state other than where the owners reside shall be taxed in such town if, etc." with the present language " All personal property employed in trade, etc., shall be taxed in the town where so employed on the first day of each April, provided etc."   And plaintiffs contend that the meaning is identical.

Logs in a distant forest on the first day of April are in no sense "employed in trade."   Nor were these logs, although destined on April 1 for the Farmingdale mill, employed in Farmingdale on April first. "Employed" here means "used."   The phrase is "taxed in the town where so employed on the first day of each April."   In other words, it must appear that on April first the logs were employed or in use in the plaintiff town.   An intention on April first to employ the logs at such mill later in the season is not employing them in said town on April first.   On April 1, such might be the intention, but logs might be sold on the drive and never reach the mill.   To sustain plaintiff's construction the court must find that the legislature meant nothing by the change of statute.

The change of rule was intended to make the basis of assessment more certain and less likely to end in controversy that might deprive towns of expected revenues.   Under the old rule, asserting the right to tax in a non-resident town logs in a distant forest if destined for such non-resident town, the validity of the tax depended

on proof of such intended destination, the owner's intention on a given date. Such an issue resting on parol evidence was prolific in trouble and uncertainty. Under the new rule, the actual situs of the logs governs; the non-resident assessors tax the logs seen within their town, the resident assessors with ordinary diligence reach and get at all logs in their own town, on the drive and in the forests, and no issue of jurisdiction is left to credibility on the frailties of testimony. Taxes are levied with a certainty of collection, and evasion of taxation is far more difficult.

In the case at bar, it was as easy for the assessors of Portland to get at our logs on the streams as the assessors of Farmingdale. Let the situs govern, and controversy ends. Such was the reason of the legislature for the reversal of the former rule, to furnish by the rule of actual situs a fixed and certain rule of taxation..

Such seems to be the view of this court as expressed in *Gower* v. *Jonesboro*, 83 Maine, 142, where the court, by way of dictum, said: "It is the policy of the law that all property, with certain exceptions, should bear its just proportions of the public burdens. The statute contemplates that it should be taxed to the owner, either in the town where he resides or the town where it is situated."

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

STROUT, J. The general provision of law is that personal property shall be taxed "to the owner, in the town where he is an inhabitant on the first day of each April." To this general rule the statute makes certain exceptions, one of which is contained in R. S., c. 6, § 14, clause 1.

On the first day of April, 1897, defendant corporation was an inhabitant of Portland, and owned, occupied and used a saw-mill in plaintiff town. It also owned a large quantity of logs, then on landings in Chain of Ponds, in Franklin County, which were destined for that mill, and were in fact sawed and manufactured there during the season of 1897, but did not arrive in plaintiff

town till after June 1st of that year. Sales of the product of the mill were substantially all negotiated at Portland and shipped from the mill on orders from the home office, though small sales for local delivery were made at the mill. These logs were taxed by plaintiff in 1897, and this suit is to recover that tax.

Upon a state of facts substantially the same as here, it was held in *Ellsworth* v. *Brown*, 53 Maine, 519, under the statute then in force, which provided that "all goods, wares and merchandise, all logs, timber, boards and other lumber, and all stock in trade, including stock employed in the business of any of the mechanic arts, in any town within the state other than where the owners reside, shall be taxed in such towns if the owners occupy any store, shop, mill or wharf therein, and shall not be taxable where the owners reside." R. S., 1857, c. 6, § 11.

In construing that statute, the court in that case held that logs thus situated for manufacture in the mill, though not within the limits of the town, must be regarded as "employed in the business" of the mill within the meaning and purpose of the statute, and subject to taxation in the town where the mill was, notwithstanding the language of the statute "all logs," etc., "in any town," etc. It was said in that case that "the localization of the business is intended to draw after it for the purpose of taxation the property used and employed in that business, in like manner as the residence of the owner draws after it other property not there situated, without regard to its particular situs on the first day of April. The occupation of the store, shop, mill or wharf on the first day of April, in the year for which the tax was assessed, is the essential thing."

In 1883 the phraseology of the excepting clause was changed so as to read, "all personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts shall be taxed in the town where so employed on the first day of each April, provided that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing-place or ship yard therein for the purpose of such employment." In the revision of 1883, the same language is retained. By it this case is to be governed.

Section 10, of R. S. of 1857, provided for taxation of personal property to the owner on April 1st, except as provided in the following section. That section named the place where logs and certain other property, when employed in a business in a town other than that of the residence of the owner, should be taxed, but did not in terms supply the date at which the liability to taxation should attach. But, as under the general provision no personal property could be taxed anywhere, except it was owned on April 1st, it necessarily and logically followed as to the excepted property, that it must be employed in the business on that day. If subsequently acquired it could not be taxed at all for that year.

The decision therefore in *Ellsworth* v. *Brown,* supra, rested upon the fact found by the court that the logs were employed in the business of the mill, and necessarily that they were so employed on April 1st. The amendment of 1883 repeated in the excepting clause the provision of the enacting clause contained in both statutes, making the first day of April as the time when liability attached. But the logical and necessary implication as to time in the earlier statute, was quite as forceful and convincing as the express language of the later one.

It will be noticed that the qualifying words in the earlier statute "in any town," are omitted in the amended act, and a substituted provision that "personal property employed in trade," etc., "shall be taxed in the town where so employed on the first day of April" inserted. While there was admitted force in the argument that under the earlier statute its language required the logs to be within the town on April 1st, the amended act requires only that the property shall be employed in trade in the town on that day. The question then is, were these logs employed in trade in plaintiff town on the first day of April, irrespective of their actual situs on that day? The business of the mill was the manufacture of lumber for sale. This falls within the legitimate definition of trade. *Gower* v. *Jonesboro,* 83 Maine, 145.

The logs were intended for manufacture in that mill, and were in fact manufactured there. They had been cut, hauled to the landing, and were in transit to the mill, and may therefore be fairly

considered as employed in the trade or business of that mill on that day, within the meaning and purpose of the statute.

If the occupant of a store for sale of ordinary merchandise had bought goods for that store, which were in transit to it, it would hardly be questioned that such goods were employed in the trade and business of that store. So these logs procured for use and manufacture in that mill, and actually manufactured there, in due course of business the ensuing season, constituted the necessary material for the mill and its use, and were in fact part and parcel of its business on the first day of April.

The claim of the defendant derives less support from the present statute than from that in force when *Ellsworth* v. *Brown* was decided, and which was not sustained there.

Under the terms of the report there must be,

*Judgment for plaintiff.*