FRANK R. JACKSON ET AL. *vs.* THE TOWN OF UNION.

First Judicial District, Hartford, May Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The payment of a tax to avoid the seizure and sale of property is not
    voluntary, and the amount so paid may be recovered if it appear
    both that the tax was illegally assessed and that it ought not in
    equity and good conscience to be retained.
The business of purchasing standing timber and cutting, sawing and
    selling it, is a " trading or mercantile business," within General
    Statutes, § 2342, which provides for the taxation of the property
    of such a business.
Such a business may properly be said to have been " carried on"—
    within the meaning of that expression in § 2342—in the town
    where the timber was cut, prepared, stored and delivered to pur-
    chasers, notwithstanding the owners reside and have an office in
    another town; at least in the absence of any other facts showing
    a different place.
Where a fair question arises as to the town in which a business is
    " carried on," the assessors may properly regard an election of the

owners, made in good faith, to list their property in the town in which they reside.

In a suit to collect a tax, it must appear that it was properly assessed: but in an action to recover back a tax already paid, it is not enough to show that the statutory rule of assessment was not followed; it must also appear that more has been paid than would have been collected had the tax been regularly assessed, in which event the excess only is recoverable.

Argued May 4th—decided July 20th, 1909.

ACTION to recover a tax alleged to have been unlawfully exacted by the defendant and to have been paid under compulsion by the plaintiffs, brought originally before a justice of the peace and thence, by the defendant's appeal, to the Superior Court in Windham County and tried to the court, *George W. Wheeler, J.,* upon demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

*Charles E. Searls,* for the appellants (plaintiffs).

*Charles Phelps* and *Willis H. Reed,* for the appellee (defendant).

HALL, J. The complaint alleges substantially these facts: The plaintiffs, who resided in the town of Eastford in this State, were, on October 13th, 1906, engaged, as copartners, in the business of purchasing standing wood and timber in this State and elsewhere, and cutting, sawing and selling it and the lumber made therefrom, and were on said day the owners of certain sawed lumber, stacked upon the land upon which it had been cut, in the defendant town of Union.

The only fixed location of the plaintiffs' business, so far as it had one, was their office in the store of two of said copartners in the town of Eastford; but the business of cutting, sawing and stacking said wood and lumber was done

in the town of Union, although no person residing in the town of Union had charge of such business.

At its meeting on the first Monday of October, 1906, the defendant town laid a tax of twenty-five mills on a dollar, on its assessment list of that year, and included in said list the said copartnership property of the plaintiffs in the town of Union.

The plaintiffs refused to pay the tax, amounting to $75, claiming that it was illegal, but finally, to save their property from sale under levy, paid the same under protest, and have demanded the repayment of it, which has been refused.

The defendant town demurred to this complaint upon the ground that it appeared therefrom that the said goods were the property of a trading or mercantile, or manufacturing or mechanical business, and were properly assessed in the name of the plaintiffs. The court sustained the demurrer and rendered judgment for the defendant.

The payment of the tax by the plaintiffs to avoid the seizure and sale of their property was not a voluntary one, and they are entitled to recover it back if the alleged facts show that the tax was illegally assessed, and that in equity and good conscience the defendant has no right to retain it. *Goddard* v. *Seymour*, 30 Conn. 394, 401; *Hubbard* v. *Brainard*, 35 id. 563, 567.

The tax in question was assessed under § 2342 of the General Statutes, which provides that "the property of any trading, mercantile, manufacturing, or mechanical business shall be assessed in the name of the owner or owners in the town, city, or borough where the business is carried on; and the list of any such owner or owners shall be given in by the person having charge of such business residing in the town, city, or borough, when the owner or owners do not reside therein. The average amount of goods kept on hand for sale during the year, or any portion of it when the business has not been carried on for a year, previous to the

first day of October, shall be the rule of assessment and taxation. . . . This section shall apply to the property of all persons, whether residents of this state or not, and to the property of all corporations, whether domestic or foreign." Section 2343 provides that "traders of any kind, when their business is not located, shall be assessed in the same manner as is provided in § 2342, in the list of the town, city, or borough where they reside. . . ."

Under its demurrer the defendant insists that the complaint fails to show that the sawed lumber in question was unlawfully assessed under § 2342; while the plaintiffs contend that it appears from the facts alleged: first, that their sawed lumber in the town of Union was not the property of any trading, mercantile, manufacturing, or mechanical business; second, that if it was the property of either of said kinds of business, such business was not carried on in the town of Union; and third, that if it was the property of such a business, carried on in the defendant town, the tax was illegally assessed because the average amount of goods kept on hand for the year, or portion of a year during which the business was carried on previous to October 1st, 1906, was not adopted as the rule of assessment.

The words of the statute, "any trading . . . or mercantile business" are sufficiently comprehensive to include such a business as that described in the complaint. "To trade" is to engage in the purchase or sale of goods, wares and merchandise. Century Dictionary; Webster's International Dictionary. The adjective "mercantile" is defined as, "of or pertaining to merchants, or the traffic carried on by merchants." Century Dictionary. One engaged in the business of keeping and selling lumber in considerable quantities is properly called a lumber merchant, and his business a mercantile business. From the amount of the tax, it would appear that the plaintiffs kept lumber for sale in the town of Union, to the value of at least several thousand dollars. The complaint says that the purchasing of stand-

ing wood, and cutting, sawing and selling it, and the lumber made from it, was a business in which the plaintiffs were engaged. This of course means that they were following this occupation for profit.

There is no express averment in the complaint that the business to which the taxed property belonged was not carried on in the town of Union and was carried on in the town of Eastford, nor do the facts alleged show that such was the case. *Gower* v. *Jonesboro*, 83 Me. 142, 21 Atl. 846. The averment of the complaint is, that "so far as it had a fixed location" the business was carried on at a store belonging to two of the plaintiffs in Eastford where the plaintiffs had their only office. What part of their business, if any of it, was carried on at this office in a store not belonging to the copartnership does not appear. The timber was cut and the lumber prepared and stored, and apparently delivered to purchasers, in the town of Union. It is entirely consistent with the alleged facts that the timber from which the lumber in question was sawed, was purchased in the town of Union, and that the lumber sold, which had been sawed and stacked in that town, was sold there. Had there been a fair question as to which town the business should be considered as carried on in, for the purposes of taxation, the assessors might properly have regarded an election of the owners made in good faith to list their goods for taxation in the town in which they resided; but it is not suggested in the complaint that the plaintiffs ever listed or attempted to list this property anywhere for taxation, or that it has been taxed elsewhere than in the town of Union.

It appears from the complaint that the property so assessed and taxed, in the town of Union, was the property owned by the plaintiffs in that town, in connection with said business, on the 1st of October, 1906. It does not appear that the rule fixed by the statute, namely, "the average amount of goods kept on hand for sale during the year, or portion of" a year was followed in making the assessment

and taxation. It is not, however, alleged that it was not, nor that the tax imposed was larger than it would have been had the statutory rule been followed. It does not appear that the rule was not in effect followed, since it does not appear, and we cannot assume, that the amount of goods on hand on the 1st of October was not the average amount kept on hand for sale during the previous year or part of the year in which the plaintiffs were engaged in said business. It is further to be noted that this is not a proceeding by a municipality for the collection of a tax, requiring proof that the tax was assessed in accordance with the statutory requirements, but an action to recover back a tax already paid. If the plaintiffs' goods were taxable in the town of Union, they cannot in this action recover back the $75 they have paid, merely because the amount of such tax, although just, was not determined in the manner provided by the statute. *Goddard* v. *Seymour*, 30 Conn. 394, 401. If, after such payment of the tax, they could recover back anything upon the ground of such irregular assessment, it would only be the excess of the amount paid over what would have been the tax had it been regularly assessed.

There is no error.

In this opinion the other judges concurred.