INHABITANTS OF ATHENS vs. FRANKLIN WHITTIER.

Somerset.    Opinion December 14, 1922.

*Under Sec. 10, Chap. 4, R. S., the records of the assessment of taxes may be amended in accordance with the fact, if under oath, and the word "Assessors" may be substituted for the word "Selectmen" after their signatures, if the same persons hold both official positions.   The commitment of a supplemental list of taxes to the collector, to which list the powers of the original warrant has not been extended, does not prevent the town from maintaining in its own name an action for such taxes, such a proceeding being independent of the collector.   The allegation that the tax was assessed by a supplemental assessment not necessary.*

Under Par. IX, Sec. 6, Chap. 10, R. S., as amended by Chapter 105, Public Laws, 1919, if an honorably-discharged soldier possesses property of greater value than five thousand dollars, so much of it as is not otherwise exempt from taxation must be assessed.

Under Sec. 10, Chap. 4, R. S., the records of an assessment may be amended in accordance with the fact, when made under oath, and the selectmen who also acted as assessors in any year may amend their records of tax assessment by substituting the word Assessors for that of Selectmen after their signatures.

The listing of the property at the end of the original list of assessments under a heading "Property not Taxed," under the circumstances shown to exist in this case, was an omission from the original list within the meaning of Sec. 36, Chap. 10, R. S.

An allegation that the tax was assessed by a supplemental assessment is not necessary in an action of this kind.   In this form of action, technical defenses have never found favor with the courts.

On report.   This is an action brought under Sec. 64, Chap. 11; of the R. S., to recover taxes assessed against the defendant for the year 1920.   The defendant, an honorably-discharged soldier of the Civil War, was more than seventy years old on April 1, 1920.

On April 1, 1920, he was possessed of property of a value in excess of five thousand dollars.   The assessors of plaintiff town for the year of 1920, who were also selectmen and overseers of the poor, at the time the original assessment of taxes was made for that year, understood that no tax was assessable against defendant because he did

not have five thousand dollars worth of property which was taxable. Subsequently the assessors were advised that as the defendant had property exceeding five thousand dollars in value, he should be taxed. On July 30, 1920, a supplemental tax, to recover which this action was brought, was assessed against the defendant, which assessment was signed by the three persons who held the three official positions of selectmen, assessors, and overseers of the poor, in the plaintiff town, but after their signatures to such assessment appeared the word "Selectmen" and the word "Assessors" did not appear. At the conclusion of the evidence, by agreement of the parties, the case was reported to the Law Court. Judgment for plaintiff in the sum of $95.63, and for its costs.

The case is stated in the opinion.

*Butler & Butler*, for plaintiff.

*J. F. Holman and L. L. Walton*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J.  An action brought under Sec. 64, Chap. 11, R. S., to recover taxes assessed against the defendant for the year 1920. It comes before this court on report.

The defendant is a veteran of the Civil War and received his honorable discharge from the service. When the original tax list was made in May, 1920, by the assessors of the plaintiff town the name and property of the defendant did not appear among those assessed, but was added at the end of the list under the heading: "Property not Taxed. Resident Proprietors."

From the printed report it appears that at the time of the original assessment the assessors were not aware that the defendant possessed property of greater value than five thousand dollars; and also at the time held the view that under Par. IX, Sec. 6, Chap. 10, R. S., as amended by Chapter 105, Public Laws, 1919, unless an honorably-discharged soldier of the Civil War possessed *taxable* property of greater value than five thousand dollars it was exempt.

Later, after the assessment list was completed, and the warrant issued, committing it to the collector for collection, it was discovered that the defendant did possess property of greater value than five thousand dollars, though not all of it was subject to taxation; and

the assessors were also then advised, and correctly, we think, that under such circumstances Par. IX of Sec. 6, Chap. 10, R. S., as amended by the Public Laws, 1919, Chapter 105, did not exempt any property otherwise subject to taxation. *Inhabitants of Mechanic Falls* v. *Millett*, 121 Maine, 329.

Whereupon on July 30th, 1920, by a supplement to their original list of assessment, which bore the date of May 17th, 1920, the assessors of said town assessed his proportionate share of the State, County and Town taxes upon the defendant's taxable property, the same being of the value of twenty-one hundred and twenty-five dollars, and certified that said supplemental list was omitted from the original list by mistake, but did not extend the powers of the original warrant to said supplemental list as provided in Sec. 36, Chap. 10, R. S. Said assessors also committed the further error of describing themselves, when signing the supplemental list, as selectmen instead of assessors. The same persons for the year 1920 held both offices in said town.

At the hearing at *nisi prius* request was made to amend the record of the supplemental assessment by substituting the word assessors for the word selectmen. It clearly appears from the evidence, we think, that in assessing said supplemental tax they were in fact acting in their capacity as assessors and not by virtue of their authority as selectmen, and the signing of the supplemental list in the manner stated was by inadvertence.

However, under the stipulations reporting the case, it is agreed that if the assessors of the town have the right to amend the supplemental list by striking out the word selectmen and inserting the word assessors, it may be considered made. We think that under Sec. 10, Chap. 4, R. S., such an amendment, when made under oath, may be permitted by the court; *Whiting* v. *Ellsworth*, 85 Maine, 301; *Bucksport* v. *Buck*, 89 Maine, 320; *Bresnahan* v. *The Sherwin-Burrill Soap Co.*, 108 Maine, 124; and that this defect for the purposes of this case may be considered cured.

The chief ground upon which the defendant relies is that the assessors having included the name and description of the property of the defendant in the original list, though in the manner above stated, it could not later be made the subject of a supplemental assessment. In support of this contention he relies mainly upon *Dresden* v. *Bridge*, 90 Maine, 489. But there is a clear distinction between that case

and the one at bar.   In that case the original list was held to include an assessment upon all the property the defendant possessed; and because the assessors later discovered that it was of greater value than they had at first supposed, it did not authorize the imposing of an additional tax in the form of a supplemental assessment.   Under such circumstances there was no omission, simply an undervaluation. The same rule was applied in *Sweetsir* v. *Chandler*, 98 Maine, 145.

In the case at bar, however, there was no assessment of the property of the defendant in the original list.   It appears at the end of the original list, it is true, but by so adding it under the head of "Property Not Taxed" the assessors were performing no duty imposed upon them nor were they complying with any provisions of the statutes. It was as much omitted from the original list as though it had not been added in this manner.

To even include property in the original list if erroneously done, does not make it a part thereof so as to preclude a supplemental assessment.   *Rockland* v. *Ulmer*, 87 Maine, 357.   *A fortiori* is the omission of property from the list of estates actually taxed and its addition thereto under the heading of "Property Not Taxed" an omission within the contemplation of Sec. 36, Chap. 10, R. S.    That it was done by mistake in this instance cannot, we think, be questioned.

It is also further objected that the supplemental tax was not properly committed to the collector inasmuch as the powers of the original warrant were not extended to the supplemental list.   A valid objection, no doubt, if this were a proceeding by the collector.   But this is an action brought in the name of the town, independent of the collector, and by direction of the selectmen who may give such authority directly to the attorney for the town.   *Rockland* v. *Farnsworth*, 111 Maine, 315, 322.

The only act to be performed by the collector which has any effect upon a suit of this nature, and that only upon the right to recover costs, is the demand before suit is brought.   In this case, however, it is admitted by express stipulation that the tax was duly demanded of the defendant prior to the bringing of suit.   So that any question which might have been raised on this ground must be considered waived.   *Rockland* v. *Ulmer*, supra, page 361; *Rockland* v. *Farnsworth*, supra, page 321.

The only other question requiring consideration is one of pleading and proof.   Objection was raised at the hearing to the admission of

the supplemental list as evidence on the ground that there was no allegation in the declaration that any such supplemental list was made; that the declaration only contains an allegation of what purports to be an original list.   We do not think such an allegation essential.   The only essentials to recover in this form of action are: assessors duly elected and qualified, jurisdiction of the assessors over property and person, a tax duly assessed on property subject to taxation and belonging to the defendant and the order of the select-men that the suit be brought.   All the necessary allegations are contained in this declaration.   A legal assessment may be proven as well by a supplemental list as by the original one, if the necessary steps have been complied with.   A supplemental list legally made becomes a part of the original list.   *Eliot* v. *Prime*, 98 Maine, 48.

In this form of action mere technical defenses have never found favor with the courts.   *Cressey* v. *Parks*, 76 Maine, 534; *Bath* v. *Reed*, 78 Maine, 276; *Rockland* v. *Ulmer*, supra.   As this court said in *Greenville* v. *Blair*, 104 Maine, 444;   "This action will not be defeated by any mere irregularities in the election of assessors, or collector, or in the assessment itself, but only by such omissions or defects as go to the jurisdiction of the assessors, or deprive the defendant of some substantial right, or by the omission of some essential requisite to the bringing of the action."   Also see *Rockland* v. *Farnsworth*, supra.

It sufficiently appears in this case, we think, that the assessors of Athens for the year 1920 were lawfully elected and duly qualified, that they had jurisdiction for the purpose of assessment of taxes over the person and estate of the defendant, that they lawfully assessed and determined his share of the taxes imposed, and that the defendant is only asked to pay his fair share of the taxes thus determined.   It does not appear that any omission or irregularity pointed out in the proceedings has occasioned the defendant any hardship, loss or injury.

It not appearing from the report that any vote was passed by the town under Sec. 1 of Chap. 11, R. S., that interest should run on unpaid taxes from and after a date specified, none is allowed.   *Rockland* v. *Ulmer*, supra, page 361; *Snow* v. *Weeks*, 77 Maine, 429; *Cooley on Taxation*, 2d Ed. pages 17, 436.   Entry will be

> *Judgment for plaintiff in the sum
> of $95.63, and for its costs.*