**INHABITANTS OF the TOWN OF FARMINGTON**

v.

**HARDY'S TRAILER SALES, INC.**

Supreme Judicial Court of Maine.

Jan. 24, 1980.

Christopher S. Beach (orally), Wilton, for plaintiff.

Before McKUSICK, C. J., WERNICK, GODFREY, GLASSMAN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

Plaintiff Town of Farmington brought this action pursuant to 36 M.R.S.A. § 1032[1] against defendant Hardy's Trailer Sales, Inc., a Maine corporation, for personal property taxes assessed against defendant for the year 1971. Plaintiff sought $3,315.03 for taxes and interest based upon the average value of certain house trailers, part of defendant's stock in trade, located at defendant's sales office in Farmington during the year preceding April 1, 1971. The Superior Court (Franklin County) entered judgment against plaintiff, ruling that the town did not have jurisdiction over defendant's property because house trailers held as stock in trade were to be taxed in the place where the owner resided. The defendant's residence was deemed to be in the city of Brewer where it maintained its principal place of business. *See City of Portland v. Union Mutual Life Ins. Co.*, 79 Me. 231, 9 A. 613 (1887). On appeal, plaintiff contends that the Superior Court committed error in its interpretation of the pertinent statutes. We agree, and therefore sustain the appeal, vacate the judgment for defendant, and direct entry of judgment for plaintiff Town of Farmington.

■ The general rule as to tax situs for personal property is found in 36 M.R.S.A. § 602 (1978), which states that such property will be taxed to the owner "where he resides" *except* "in cases enumerated in section 603." Section 603(2) gives that enumeration and provides: "Personal property enumerated in this subsection shall be taxed in the place where situated." At the time of the assessment in question, one of the items enumerated in subsection (2) was the following: "G. All house and camp trailers, as defined in section 1481,[2] except those taxed as stock in trade."[3] Subsection 2(G) thus took house trailers out of the general residency rule of section 602 and, except for those house trailers taxed as stock in trade, placed their tax situs in the place where situated.

■ Defendant admitted by affidavit that it maintained in Farmington a sales

1. 36 M.R.S.A. § 1032 (1978) reads:
   § **1032. Action may be brought in name of municipality**
   In addition to other provisions for the collection of taxes, the municipal officers of any municipality to which a tax is due may in writing direct a civil action to be commenced in the name of such municipality against the party liable; but no such defendant is liable for any costs of the action, unless it appears by the declaration and by proof that payment of said tax had been duly demanded before the action.

2. 36 M.R.S.A. § 1481 (1965) defined "house trailer":
   1. **House trailer.** "House trailer" not including camp trailer means:
   A. A trailer or semi-trailer which is designed, constructed and equipped as a permanent or temporary dwelling place, living abode or sleeping place and is equipped for use as a conveyance on highways, or
   B. A trailer or semi-trailer whose chassis and exterior shell is designed and constructed for use as a house trailer, as defined in paragraph A, but which is used instead permanently or temporarily for the advertising, sales, display or promotion of merchandise or services, or for any other commercial purpose except the transportation of property for hire or the transportation of property for distribution by a private carrier.
   Pursuant to P.L. 1975, ch. 252, § 15, "house trailer" was redefined as "mobile home." *See* 36 M.R.S.A. § 1481(1) (1978).

3. Other items listed under subsection (2) were:
   A. Portable mills, logs in any place to be manufactured therein, and all manufactured lumber excepting lumber in the possession of a transportation company and in transit.
   B. All potatoes stored awaiting sale or shipment, except as otherwise provided in section 655, subsection 1, paragraph B.
   C. All store fixtures, office furniture, furnishings, fixtures and equipment.
   D. Professional libraries, apparatus, implements and supplies.
   E. Coin-operated vending or amusement devices.
   F. Repealed. 1967, c. 480, § 1.

   · · · · ·

   H. Television and radio transmitting equipment.

office from which house trailers were "for sale to the general public and were stock in trade or were special order units for customers in the Farmington area." The question thus became what rule was to govern the taxation of that stock in trade. We conclude that house trailers held for sale were to be taxed pursuant to the rule in section 603(1) that all "personal property employed in trade" shall be taxed in the municipality where so employed provided the owner maintains a store or shop "therein for the purpose of such employment."[4]

From the enactment of the original predecessor of section 603(1) to the present, goods held for sale in a store or shop have been taxable, if at all, as personal property in the town where the goods are situated. R.S. 1857, ch. 6, § 11 clearly addressed the question of tax situs of all stock in trade and merchandise:

> All goods, wares and merchandize, all logs, timber, boards and other lumber, and all stock in trade, including stock employed in the business of any of the mechanic arts, in any town within this state, other than where the owners reside, shall be taxed in such town, if the owners occupy any store, shop, mill, or wharf therein, and shall not be taxable where the owners reside.

In the 1883 Revised Statutes, the modernday language of "personal property employed" in trade was substituted for "stock" in trade and for "goods, wares and merchandize":

> I. All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April; *provided,* that the owner, his servant, sub-contractor or agent, so employing it, occupies any store; shop, mill, wharf, landing place or ship yard therein for the purpose of such employment.

R.S. 1883, ch. 6, § 14(I) (emphasis in original). Cases interpreting that 1883 language of "personal property employed in trade" have held that it includes merchandise or goods held for sale or traffic—a basic definition of "stock in trade," Black's Law Dictionary 1588 (4th ed. rev. 1968). *See, e. g., Gower v. Inhabitants of Jonesboro,* 83 Me. 142, 21 A. 846 (1891) (1100 cords of cut and split firewood, ready for sale, taxed at landing place where situated); *Inhabitants of Farmingdale v. Berlin Mills Co.,* 93 Me. 333, 45 A. 39 (1899) (finished logs ready for sale taxable where situated).

Amendments subsequent to April 1, 1971, confirm that defendant's house trailers held for sale were to be taxed where situated. Effective September 23, 1971 (after the date of the assessment here at issue), "house trailers" were deleted from subsection 2(G); concomitantly, 36 M.R.S.A. § 551, which defines real estate for the purpose of real property taxes, was amended to provide that "[h]ouse trailers, except stock in trade, shall be considered real estate for purposes of taxation." P.L. 1971, ch. 235, §§ 1, 2. Thus, just as 36 M.R.S.A. § 603(2)(G) did prior to April 1, 1971, section 551 took house trailers out of the general residency rule of section 602 and, except for those house trailers taxed as stock in trade, taxed them in the place where situated.

In 1973, section 603(1)(B), which had provided for the taxation of manufactured

---

4. As of April 1, 1971, section 603(1) provided:

> The excepted cases referred to in section 602 are the following:
> **1. Personal property employed in trade.** All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts shall be taxed in the place where so employed, except as otherwise provided for in this subsection; provided the owner, his servant, subcontractor or agent occupies any store, storehouse, shop, mill, wharf, landing place or shipyard therein for the purpose of such employment.

> **A.** For the purposes of this subsection, "personal property employed in trade" shall include liquefied petroleum gas installations together with tanks or other containers used in connection therewith. .
> **B.** All manufactured merchandise, except products either intended for manufacture into other merchandise or used for or for use in connection therewith and except merchandise in the possession of a transportation company or other carrier for the purpose of transporting the same, shall be taxed in the place where situated.

merchandise where situated if it was not merely in transit or was intended for manufacture into other merchandise,[5] was repealed, P.L. 1973, ch. 592, § 7; and the same legislation repealed and replaced 36 M.R.S.A. § 655(1), so that now among the personal property exempt from taxation was stock in trade defined to include "inventory held for resale by a distributor, wholesaler, retail merchant or service establishment." *Id.*, § 13; 36 M.R.S.A. § 655(1)(B) (1978). The legislature has thus continued to treat stock in trade as manufactured merchandise held for sale by the owner; the only change is that instead of such personal property being taxed where it is situated, it is now exempt from taxation entirely.

▮ Because defendant's house trailers were finished products kept at its sales office in Farmington for sale to the general public, their taxation was to be governed by the tax situs rule of section 603(1), in effect April 1, 1971. Since defendant on that date occupied a "store" or "shop" in Farmington, its trailer inventory or stock in trade located there was taxable in that town. The assessors of the plaintiff town therefore did have jurisdiction over defendant's property, and the property was subject to taxation— two of the factual prerequisites for recovery of a tax by a municipality. The other essential elements, as set forth in *Inhabitants of Athens v. Whittier*, 122 Me. 86, 90, 118 A. 897, 898 (1922), are 1) duly elected and qualified assessors, 2) taxation of property belonging to the defendant, and 3) a written order of the selectmen that the suit be brought in the name of the municipality. Here, there is no genuine issue of material fact relating to those three factual prerequisites to relief. Plaintiff was therefore entitled to recover the tax, costs, and interest prayed for in its complaint pursuant to 36 M.R.S.A. § 1032.

The entry must be:

Appeal sustained.

Judgment for defendant vacated.

Case remanded to the Superior Court for entry of judgment for plaintiff.

Costs on appeal allowed to plaintiff.

NICHOLS, J., did not sit.