## L. W. O'Connor, Collector

*vs.*

## Wassookeag Preparatory School, Inc.

Penobscot.     Opinion, May 1, 1946.

*Francis W. Sullivan,* for plaintiff.

*Charles P. Conners and James E. Mitchell,* for defendant.

Sitting: Sturgis, C. J., Thaxter, Hudson, Manser, Murchie, Tompkins, JJ.

Murchie, J.     This case presents a single action of debt brought to collect a tax of $351 assessed against one of several parcels of land owned by the defendant on April 1, 1942. It is one of seven between the same parties heard together by a Justice of the Superior Court. Six of them are brought here by the plaintiff

on exceptions, in accordance with a right reserved to do so. By agreement of counsel the decision herein is to control all of them. The seventh, decided for the plaintiff, is not involved.

The issue is whether the defendant, a corporation organized under R. S. 1930, Chap. 70 (now R. S. 1944, Chap. 50), which operates a school of high school grade on the premises sought to be taxed, is entitled to the benefit of the tax exemption provided by R. S. 1930, Chap. 13, Sec. 6, Par. III (now R. S. 1944, Chap. 81, Sec. 6, Par. III), for:

"the real estate of all literary and scientific institutions occupied by them for their own purposes or by any officer thereof as a residence."

The seventh case was decided against exemption because of the qualification.

The school has been in operation since 1926. Until 1929 it was conducted by its present headmaster as an individual enterprise. From sometime in 1929 until October 1941, when its present form of organization became effective, it was incorporated under the laws of the State of New York. It was not successful financially when operated by the headmaster as an individual or under the corporate charter granted by New York and was incorporated in its present form to secure tax exemption and encourage private financial aid in the form of gifts. The evidence shows that some assistance of the latter kind has been secured.

The defendant relies entirely on the statutory language quoted which has stood unchanged since the enactment of P. L. 1889, Chap. 274, wherein an earlier absolute exemption of all the property of literary and scientific institutions was curtailed by the qualification relative to use. Since the effective date of P. L. 1939, Chap. 123, the operative effect of the exemption applicable to literary, scientific, charitable and benevolent institutions has been restricted by a proviso that benevolent and charitable corporations whose officers, members or employees, or any of them, received any pecuniary profit therefrom except reasonable com-

pensation for services, or as proper beneficiaries of their strictly benevolent or charitable purposes, should not be exempted from taxation under its provisions.

The plaintiff admits that the defendant is a literary and scientific institution "in its legal conception" but claims that its property is subject to taxation on allegation that the evidence adduced at the hearing can support no other finding than that it was not conducted as such "in substance and truth" but was "a subterfuge and device for tax evasion."

The very statement of the issue as set forth in the bill of exceptions carries recognition that decision of the case must be controlled by a question of fact. Ample authority supports the principle that factual findings made by triers of fact to whom cases are submitted by the parties either as referees or under the statute invoked in the present case, R. S. 1944, Chap. 94, Sec. 17, are not to be reviewed in this Court if supported by any credible evidence. *Chabot & Richard Co.* v. *Chabot,* 109 Me., 403, 84 A., 892; *Staples* v. *Littlefield,* 132 Me., 91, 167 A., 171; *Stern* v. *Fraser Paper, Limited,* 138 Me., 98, 22 A., 2d, 129.

Assuming, without deciding, that the 1939 law was intended to be applicable to corporations organized for literary and scientific purposes as well as to those intended to serve charitable or benevolent purposes, to which it specially relates, and with full recognition that all tax exemption statutes should be strictly construed, *City of Bangor* v. *Rising Virtue Lodge,* etc., 73 Me., 428, 40 Am. Rep., 369; *Inhabitants of Camden* v. *Camden Village Corporation,* 77 Me., 530, 1 A., 689; *City of Auburn* v. *Young Men's Christian Association,* etc., 86 Me., 244, 29 A., 992; *Inhabitants of Orono* v. *Sigma Alpha Epsilon Society,* 105 Me., 214, 74 A., 19; *Ferry Beach Park Association,* etc. v. *City of Saco,* 127 Me., 136, 142 A., 65; *Camp Emoh Associates* v. *Inhabitants of Lyman,* 132 Me., 67, 166 A., 59, we cannot say on the record before us that the finding adverse to the plaintiff's claim has no support in credible evidence.

Tax exemption for lands granted to literary and scientific insti-

tutions in this State was provided in the seventh condition of Section 1 of the Act of Separation passed by the General Court of Massachusetts and approved June 19, 1819. It was extended to cover all the property and estate belonging to such institutions incorporated in this State in our first State Tax Act, P. & S. L. 1821, Chap. LXXXV, Sec. 6, and corresponding provision was made annually thereafter in such acts until the system for the assessment of taxes which has ever since been in effect was enacted as a public law, P. L. 1845, Chap. 159. Sec. 5, Par. Second of that law continued the same complete exemption. Changes made in the law since that time are not material to the issue now presented except for the 1889 and 1939 amendments heretofore identified. The legislature has provided that questions of taxability shall be decided by determination of facts. Since the factual decision rendered in the Trial Court has support in credible evidence, the entry must be

*Exceptions overruled in Cases 927 to 932 inclusive on the Law Court docket.*