## Green Acre Baha'i Institute
### *vs.*
## Town of Eliot

York.   Opinion, December 23, 1954.

*Francis F. Neal,*
*Thomas E. Flynn, Jr.,*
*John DeCourney,* for plaintiff.

*Varney & Levy,*
*Richard E. Poulos,* for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAP-
LEY, JJ., THAXTER, A.R.J.  FELLOWS, C.J., did not sit.

WEBBER, J.  This was an appeal from the refusal of the
Selectmen of the Town of Eliot to abate taxes assessed
against the Green Acre Baha'i Institute for the year 1952.
The matter was heard by a single justice below, who entered
a decree embracing findings of fact and rulings of law and
which ordered the taxes abated in full. Exceptions thereto
are before us.

The petitioner deems itself exempted from taxation as a
benevolent and charitable institution under the provisions
of R. S., 1944, Chap. 81, Sec. 6, as amended, the pertinent
portions of which read as follows:

> "Sec. 6.  Exemptions.  The following property
> and polls are exempt from taxation: * * * *
> III. * * * * the real and personal property of all
> benevolent and charitable institutions incorporated
> by the state; * * * * but so much of the real
> estate of such corporations as is not occupied by
> them for their own purposes shall be taxed in the
> municipality in which it is situated.  Provided,
> however, that nothing in this subsection shall be
> construed to entitle any institution, association,
> or corporation otherwise qualified for exemption
> as a * * * * benevolent or charitable institution
> to any exemption from taxation if any officer,
> member, or employee thereof shall receive or may
> be legally entitled to receive any pecuniary profit
> from the operation thereof, except reasonable com-
> pensation for services in effecting one or more of
> such purposes, or as proper beneficiaries of its
> strictly benevolent or charitable purposes, or if
> the organization thereof for any such avowed
> purposes be a pretense for directly or indirectly
> making any other pecuniary profit for such in-
> stitution, corporation, or association, or for any
> of its members or employees, or if it be not organ-
> ized and conducted exclusively for benevolent and

charitable purposes. * * * * and provided, however, that the provisions of this subsection shall not apply to a summer camp or other seasonal resort which derives a profit on its actual operating and administrative expenses incurred thereat or within this state, nor to that part of its property from which it receives compensation in the form of rent. Such camp or resort shall keep full financial records which shall at all times be open and available to inspection by the tax assessors of the town or city where it is located."

Petitioner is a corporation organized under the laws of Maine by members of the Baha'i faith to "conduct educational facilities, including classes, public lectures and research, for the exposition of spiritual truths, principles and religious precepts based upon the extent and available sacred literature of all revealed faiths, with particular reference to the Baha'i teachings on progressive revelation, religion, unity, and the oneness of mankind; to build and maintain and operate such buildings, museums, dormitories, libraries and facilities as may be necessary to carry out the educational, religious, charitable and benevolent purposes of the corporation;" and further, "In the conduct of its educational program and the operation of its properties for the aforesaid purposes, (to) conform to the administrative principles and spiritual authority duly established in the Baha'i teachings as upheld by the elective national Baha'i body known as the National Spiritual Assembly of the Baha'is of the United States."

Petitioner owns and operates in respondent town certain real estate comprising a number of acres of land and certain buildings suitable for classes, lectures, concerts and the like, with facilities for lodging and board. The activities are confined to the summer season. Persons in attendance include members of the Baha'i faith, non-members who express a sincere interest in the faith, and citizens of the local community. There are facilities for recreation. Persons

who require board and lodging pay for those services, but are required to participate in the classes and lectures. As the Baha'i faith has no official clergy, all members are expected to serve in a missionary role and expand the faith. In short, the purposes of the Institute embrace the essential elements of missionary societies which have long been deemed to possess the required attributes of benevolent and charitable institutions for tax exemption purposes. *Universalist Church* v. *City of Saco,* 136 Me. 202; *Park Association* v. *Saco,* 127 Me. 136; *Convention* v. *Portland,* 65 Me. 92.

In such a tax exemption case as this, many of the issues for determination are questions of fact. The findings of fact of a single justice are final and binding if supported by any credible evidence. *O'Connor* v. *Wassookeag School, Inc.,* 142 Me. 86; *Sanfacon* v. *Gagnon,* 132 Me. 111.

The justice below found on the basis of supporting evidence that the institution was operating the property for the benevolent and charitable purposes for which it was organized, that the program was conducted in good faith and not with any purpose or intention of tax evasion, that the dominant purpose of the operation was the furtherance of its religious and missionary aims and that any charges for board or lodging were purely incidental to the dominant purpose, and that neither the institution nor any individual was deriving any profit from the operation other than reasonable compensation for services performed.

Certain rules governing situations of this sort are well established. Taxation is the rule and exemption the exception. *Park Association* v. *Saco, supra.* Exemption is not defeated by the fact that the use by the charitable institution for its own purposes is seasonal. *Universalist Church* v. *City of Saco, supra; Park Association* v. *Saco, supra; Camp Emoh Associates* v. *Inhabitants of Lyman,* 132 Me. 67. Property of charitable institutions which is let or rented

primarily for revenue is taxable, but where the dominant use by such institution is for its own purposes, tax exemption will not be defeated by either occasional or purely incidental letting or renting. *Curtis* v. *Odd Fellows,* 99 Me. 356; *Lewiston* v. *Fair Association,* 138 Me. 39. We do not think the amendments incorporated in the exemption statute *(supra)* as it now stands were intended to change or alter these well defined rules of exemption. In each situation where exemption is claimed, there must be a careful examination to determine whether in fact the institution is organized and conducting its operation for purely benevolent and charitable purposes in good faith, whether there is any profit motive revealed or concealed, whether there is any pretense to avoid taxation, and whether any production of revenue is purely incidental to a dominant purpose which is benevolent and charitable. When these questions are answered favorably to the petitioner for exemption, the property may not be taxed.

Among the properties of the petitioner were two undeveloped woodland areas. There was evidence that those participating in the program regularly used these areas for walks, prayer, meditation, outdoor meetings and recreation. There was further evidence that certain locations therein had special significance for members of the faith arising out of a former visitation to the area by a leader of the faith. There was also evidence of a hopeful, though not a clearly planned or definite intention, that the area might in the future be used for the enlargement and development of the institution's facilities. There was no suggestion of any present intention or purpose to hold the property as commercial timberland or for any other revenue use. Upon this evidence, the justice below found that the institution was devoting the entire tract to its benevolent and charitable uses. Under such circumstances, such an area may be shown to be exempt. *Osteopathic Hospital* v. *Portland,* 139 Me. 24; *Wheaton College* v. *Norton,* 232 Mass. 141, 122 N. E. 280.

Upon this record, we cannot say that any finding of the justice below was legally erroneous or that he erred as a matter of law in determining that all of the property of the petitioner was exempt from taxation.

The entry will be,

*Exceptions overruled.*