TOWN OF POLAND,

v.

POLAND SPRING HEALTH INSTITUTE, INC.

Supreme Judicial Court of Maine.

Argued Oct. 7, 1994.

Decided Nov. 8, 1994.

Geoffrey H. Hole (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiffs.

Bryan M. Dench (orally), Skelton, Taintor & Abbott, Auburn, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

The Town of Poland appeals from the judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of Poland Spring Health Institute, Inc. following a trial without a jury on the Town's complaint against the Institute seeking a declaratory judgment that its property located in the Town was not exempt from taxation for the years 1989 and 1990 pursuant to 36 M.R.S.A. § 652 (1990). Contrary to the Town's contentions, the trial court applied the correct legal standard and the evidence presented to the court is sufficient to support the court's determination that the Institute's property is exempt from taxation for those years. Accordingly, we affirm the judgment.

The record discloses the following undisputed facts: The Institute was organized in Maine as a non-profit corporation in November 1981 to own and operate the Poland Spring Manor, a medical clinic, together with other facilities located on approximately 90 acres of land located in the Town. A dispute immediately arose with the Town regarding the taxability of the Institute's property. Following the appropriate administrative processes, the Androscoggin County Commissioners in 1983 ruled that the Institute's

then existing properties were exempt from taxation pursuant to the provisions of 36 M.R.S.A. § 652(1)(A), that provides in pertinent part:

The following property of institutions and organizations is exempt from taxation:

**1. Property of institutions and organizations.**

A. The real estate and personal property owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State, and none of these may be deprived of the right of exemption by reason of the source from which its funds are derived or by reason of limitation in the classes of persons for whose benefit such funds are applied.

36 M.R.S.A. § 652(1)(A) (Supp.1993). The ruling was not appealed by the Town and governed the taxability of the Institute's properties for several years.

In 1984, the Institute acquired an additional 30 acres of land located approximately one-quarter mile from its original property and expanded its operations to use this property and the buildings thereon. In 1988, the Institute acquired an additional 140 acres of woodland located approximately one mile from the other properties owned by it. This parcel serves as a wood lot providing the lumber and heating needs of the Institute and as a site for future expansion.

In 1989, in response to the Town's effort to collect real estate taxes on the Institute's properties, the Institute, seeking to preserve its previous tax exempt status, filed timely applications for abatement of taxes for 1989 and 1990. The Town instituted the present action, requesting the court to determine the issue of whether the properties of the Institute are exempt from taxation for those years. At the trial, the court, *inter alia*, heard evidence that in the mid–1970s the original 90 acres, together with the buildings, had been acquired from private owners by the Seventh Day Adventist Church. The Institute acquired the property as part of a corporate reorganization. The stated purpose of the Institute is to provide primary and preventative health care to the residents of the greater Poland community and the State of Maine and to operate medical facilities to provide that care and to provide education to the general public. Health care is provided on both a resident and out-patient basis. Persons requiring care for acute problems are referred to other facilities for hospitalization. The grounds are also used for the provision of exercise for the patients and to grow food for the staff and patients. The properties and facilities are owned and operated consistent with the tenets and principles of the Seventh Day Adventist Church. This means that the staff are essentially volunteers who are not compensated at market rates for their services. No staff member or patient is required to be of a specific religion.

The court also heard evidence that the ten-person staff includes a physician, registered nurses and other health professionals and counselors. As long as a staff member is employed by the Institute, each member is provided housing on the premises plus a subsistence allowance of approximately $250 a month if funds are available. They are provided no health or workers' compensation insurance, no retirement benefits and no guarantee of continued employment. Income in excess of expenses is used for the Institute's activities and does not inure to any director, officer or employee of the Institute. The records of the Institute disclosed the number of Maine residents and the number of non-residents who had received out-patient or resident care during the years in issue and the income derived from each type of care. From the judgment entered for the Institute on the court's determination that the Institute established by a preponderance of the evidence its entitlement to the exemption, the Town appeals.

█ The Town first contends that in determining the Institute had established by a preponderance of the evidence its entitlement to an exemption from taxation the trial court applied an incorrect standard of proof. It argues that a mere preponderance of the evidence is not sufficient to meet the standard stated in *Holbrook Island Sanctuary v. Town of Brooksville*, 161 Me. 476, 483, 214 A.2d 660, 664 (1965) (citing *Green Acre Baha'i Institute v. Town of Eliot*, 150 Me.

350, 110 A.2d 581 (1954)), that the party claiming a tax exemption "must bring his case unmistakably within the spirit and intent of the act creating the exemption." We disagree. *Green Acre* remains the seminal case for the determination of factual findings required to support a decision of entitlement to a property tax exemption. In *Green Acre*, we stated:

> In each situation where exemption is claimed, there must be a careful examination to determine whether in fact the institution is organized and conducting its operation for purely benevolent and charitable purposes in good faith, whether there is any profit motive revealed or concealed, whether there is any pretense to avoid taxation, and whether any production of revenue is purely incidental to a dominant purpose which is benevolent and charitable. When these questions are answered favorably to the petitioner for exemption, the property may not be taxed.

*Id.,* 150 Me. at 354, 110 A.2d at 584. *See also Maine AFL–CIO Housing Dev. Corp. v. Town of Madawaska,* 523 A.2d 581, 584 (Me. 1987) (applying these standards for determination of tax exemption pursuant to section 652). We find no authority, and the Town cites none, to support its contention that a preponderance of the evidence is not the proper standard of proof to be applied by the trial court in its determination of whether in fact the Institute's property is exempt from tax pursuant to section 652.

 The Town also contends that the evidence does not support the trial court's findings. In support of its contention, the Town argues that because of the religious affiliation of the Institute and because the staff of the Institute lives on the premises, the trial court erred in determining that the Institute is conducted exclusively for benevolent and charitable purposes pursuant to section 652. We disagree. The law is well established that we will not overturn the factual findings of the trial court unless the findings are clearly erroneous because they are not supported by competent evidence in the record. *Morin Bldg. Products Co. v. Atlantic Design and Constr. Co.,* 615 A.2d 239, 241 (Me.1992).

 We have previously stated that "[i]n determining what constitutes a 'benevolent and charitable' institution under this statute, we need not consider the term 'benevolent;' we construe that term to be synonymous with the word 'charitable.'" *Maine AFL–CIO Housing Dev. Corp. v. Town of Madawaska,* 523 A.2d at 584. Property of an institution incorporated in this state as a charitable organization is exempt from taxes if it is used to further the organization's charitable purposes. *Id.* Here, the evidence before the court supports its finding that the religious affiliation of the Institute in no way compromised the benevolent and charitable purposes of the Institute to provide primary and preventative health care to persons seeking treatment. The evidence also supports the court's finding that "no director, trustee, officer or staff member of the Institute receives directly or indirectly any pecuniary profits from the Institute's operation beyond a reasonable compensation." *See* 36 M.R.S.A. § 652(1)(C) (condition of exemption is that no director, trustee, officer or employee can receive pecuniary benefits beyond reasonable compensation for services in effecting the benevolent or charitable purposes of the institution).

Contrary to the Town's final contention, the records of the Institute support the trial court's finding that the Institute is in fact conducted or operated principally for the benefit of persons who are residents of Maine. Accordingly, the trial court properly determined that the provisions of section 652(1)(A)(1), limiting or excluding any property tax exemption for an institution which is in fact conducted or operated principally for the benefit of non-residents, were not applicable.

The entry is:

Judgment affirmed.

All concurring.