1998 ME 75

### The SALVATION ARMY

v.

### The TOWN OF STANDISH, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 13, 1998.
Decided April 14, 1998.

Michael S. Wilson, Pierce Atwood, Portland, for plaintiff.

Michael D. Cooper, Westbrook, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] The Town of Standish and its Tax Assessor appeal from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) exempting a parcel of The Salvation Army's real property from taxation pursuant to 36 M.R.S.A. § 652 (1990 & Supp. 1997). On appeal, the Town contends that the property is not exempt because The Salvation Army, as a religious organization, is not organized primarily for benevolent or charitable purposes and, in any event, the property is not used solely for the organization's benevolent and charitable purposes. Finding no error, we affirm the judgment of the Superior Court.

[¶ 2] The undisputed facts may be summarized as follows: The Salvation Army owns and operates a summer camp for underprivileged children in Standish. The camp consists of four contiguous parcels of land all owned by The Salvation Army. Only the status of the second of these parcels is contested. Parcel 2 includes three residential buildings, tennis courts, and a fishing pier. The residential buildings are used as overflow housing for campers and staff during the normal operating season. Beginning in 1994, The Salvation Army allowed its offi-cers and their families to vacation in the residential buildings when vacant. The Salvation Army charged its officers a nominal fee for the use of the buildings. Although The Salvation Army has owned the property for over forty years, the Standish Assessor first assessed taxes on Parcel 2 in December of 1996 for the 1996, 1995, and 1994 tax years.

[¶ 3] Following the assessment, The Salvation Army filed a complaint for declaratory relief, seeking a declaration that Parcel 2 is exempt from taxation. It then filed a motion for summary judgment, and the court ruled in its favor. The Town now appeals.

[¶ 4] A summary judgment will be affirmed when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Episcopal Camp Found. Inc. v. Town of Hope*, 666 A.2d 108, 110 (Me.1995). The statutory exemption involved in this appeal provides in relevant part:

The following property of institutions and organizations is exempt from taxation:

**1. Property of institutions and organizations.**

**A.** The real estate and personal property owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State....

. . . .

**C.** Further conditions to the right of exemption under paragraphs A and B are that:

(1) Any corporation claiming exemption under paragraph A must be organized and conducted exclusively for benevolent and charitable purposes;

(2) A director, trustee, officer or employee of an organization claiming exemption is not entitled to receive directly or indirectly any pecuniary profit from the operation of that organization, excepting reasonable compensation for services in effecting its purpose or as a proper benefi-

ciary of its strictly benevolent or charitable purposes.

36 M.R.S.A. § 652(1) (Supp.1997).

[¶ 5] Initially, the Town argues that The Salvation Army's purpose and mission is religious and, therefore, it does not qualify as a benevolent and charitable organization. Recently, we reaffirmed the principle that an organization's religious affiliation or religious purpose will not "remove it from the purview of the tax exemption statute." *City of Lewiston v. Marcotte Congregate Hous., Inc.,* 673 A.2d 209, 212 (Me.1996). The Salvation Army operates as a non-profit corporation devoted to the "religious, charitable, educational or missionary purposes" of The Salvation Army. The Christian faith is an integral part of the organization, but that fact alone does not contradict its benevolent and charitable purpose. *See Episcopal Camp Found., Inc. v. Town of Hope,* 666 A.2d 108, 110 (Me.1995); *Green Acre Baha'i Inst. v. Town of Eliot,* 150 Me. 350, 110 A.2d 581 (Me.1954); *Town of Poland v. Poland Spring Health Inst., Inc.,* 649 A.2d 1098 (Me.1994).

[¶ 6] The Town next argues that the property must be used solely in furtherance of The Salvation Army's charitable purposes. The statute provides that: "The real estate and personal property owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State...." 36 M.R.S.A. § 652(1)(A) (Supp.1997) is tax exempt. Here, it is undisputed that The Salvation Army owns and occupies Parcel 2. The buildings on the land serve many functions, and each is for the organization's own purposes.

[¶ 7] Finally, the Assessor argues that by using the buildings to provide inexpensive vacation lodging for its officers, The Salvation Army has violated section 652(1)(C)(2). The statute provides that officers of a charitable organization may not receive any pecuniary profit either directly or indirectly from the operation of the organization, "excepting reasonable compensation for services in effecting its purposes or as a proper beneficiary of its strictly benevolent or charitable purposes." 36 M.R.S.A. § 652(1)(C)(2) (Supp.1997). Here, the incidental use of the buildings constitutes nothing more than "compensation" for the services the officers perform on behalf of the charitable organization.

[¶ 8] The Superior Court correctly ruled that Parcel 2 remains exempt from taxation.

The entry is:

Judgment affirmed.