STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CRIMINAL ACTION
                                                  DOCKET NO.: CR-06-582

                        ┌─────────────────────┐
                        │  FILED & ENTERED    │
                        │  SUPERIOR COURT     │
STATE OF MAINE          │   APR 2 6 2007      │
                        │                     │
   V.                   │ PENOBSCOT COUNTY    │    D E C I S I O N
                        └─────────────────────┘
JOHN CUPSTID


        Before this Court is Defendant's Motion to Suppress. Wayne Foote, Esq.

appeared on behalf of the Defendant and Gregory Campbell, Assistant District Attorney,

appeared on behalf of the State of Maine.

                                    Facts

        In the evening of April 14, 2006, a Dexter Police Officer on patrol followed a

motor vehicle. The officer claims that the Defendant's vehicle was operating erratically

in that it crossed the centerline by a tire width and drifted from the centerline to the fog

line on several occasions without crossing either line. The video camera, which is

mounted in the police car, documented the operation as it drifted from the centerline to

fog line; however, the videotape did not record the operation that resulted in the vehicle

crossing the centerline. The police officer indicated that he did not turn on the videotape

until after he noted the crossing of the centerline.

        The police officer indicated that he turned his blue lights on, and after receiving

no response from the vehicle, he turned on his siren. The officer indicated that the

Defendant pulled over and the total distance from the start of the blue lights to his

stopping was approximately a quarter of a mile.

        The police officer approached the motor vehicle and asked the Defendant to step

outside. At the rear of the Defendant's vehicle, the police officer took the Defendant's

driver's license and put it in his back pocket as he performed the HGN test and the field

sobriety tests on the Defendant. Following the administration of several field sobriety

tests, the police officer was of the opinion that the Defendant was operating under the

influence. He took him to the police station for purposes of administering an intoxilyzer

test. The police officer read him the implied consent form after the Defendant initially indicated that he wasn't going to take the test. After reading the form to the Defendant, the police officer asked him if he was still refusing. The Defendant then made several incriminating statements and agreed to take the test. He indicated that he might as well take the test, as he probably would test over .08 anyway. He indicated he was drinking with relatives earlier in the evening.

The Defendant is challenging the police officer's stop arguing that he did not have articulable suspicion to justify the initial stop.

Furthermore, the Defendant argues that following the stop and prior to the formal arrest, he was in custody for Fifth Amendment purposes and should have been read Miranda.

## Articulable Suspicion

An officer is justified in making an investigatory stop if at the time of the stop (1) the officer has an articulable suspicion of criminal activity and (2) such suspicion is objectively reasonable in the totality of the circumstances. State v. Lear, 722 A.2d 1266, 1267 (Me. 1998).

In this case, there is sufficient evidence presented to justify the police officer's investigatory stop. The drifting of the motor vehicle between the centerline and the fog line as well as the officer's observing the Defendant crossing the centerline gave rise to a suspicion that the driver of the automobile was impaired. The most significant portion of the police officer's testimony is his observation of the Defendant's vehicle crossing the centerline. This observation in conjunction with what was viewed on the videotape was sufficient to justify his suspicion that something criminal was occurring.

## Miranda-Custody

The Defendant also claims that he was in custody for Fifth Amendment purposes at the time that the police officer began giving him his field sobriety tests. The defense argues that the police officer's attitude was confrontational when he indicated to the driver after administering the HGN test that he didn't believe him. The defense further argues that when the police officer put the Defendant's license in his pocket it would have placed a reasonably objective person in the belief that he did not have the freedom to leave.

2

The law with regard to stops where the police officer suspects operation under the influence entitles the police officer to ask a few questions and to conduct field sobriety tests on a driver suspected of OUI. This does not result in a custodial situation requiring the giving of Miranda rights prior to any interrogation. See State v. Lewry, 550 A.2d 64, 65, (Me. 1988), Berkeman v. McCarty, 468 US 420, 423 (1989), State v. Swett, 1998 ME 76 ¶4, 709 A.2d 727, 730.State v. Michaud, 1998 Me. 251, 724 A.2d 1222, and State v. Holloway, 2000 ME 172, ¶13, 760 A.2d 223, 228

Considering the factors that need to be examined pursuant to the above cases, this Court concludes that the Defendant was not in custody. A reasonable person in the Defendant's position would not have concluded that he was in police custody and constrained to a degree associated with a formal arrest. Even though the police officer put the Defendant's license in his pocket, the Court still concludes that considering the totality of the circumstances in this case, the Defendant was not in custody for Fifth Amendment purposes.

For the reasons stated above, the Defendant's Motion to Suppress is hereby denied.

DATED: 4-26-07

Joseph M. Jabar
Justice, Maine Superior Court

3



CLERK'S OFFICE

## Superior Court

97 Hammond Street
Bangor, Maine 04401
207-561-2300


State of Maine vs. John Hilliard Cupstid, Sr.

Docket No. CR-2006-582


Attorney for the State

Gregory Campbell, Assistant District Attorney
97 Hammond Street
Bangor  ME  04401


Attorney for the Defendant

Wayne Foote Esq
P O BOX 1576
Bangor  ME  04402