2011 ME 130

**HUMBOLDT FIELD RESEARCH INSTITUTE et al.**

v.

**TOWN OF STEUBEN et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 15, 2011.
Decided: Dec. 20, 2011.

Edward W. Gould, Esq., and Joseph M. Bethony, Esq. (orally), Gross, Minsky & Mogul, P.A., Bangor, for appellants Humboldt Field Research Institute and Eagle Hill Foundation.

William H. Dale, Esq., and Mark A. Bower, Esq. (orally), Jensen Baird Gardner & Henry, Portland, for appellee Town of Steuben.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Humboldt Field Research Institute and Eagle Hill Foundation appeal from a judgment entered in the Superior Court (Washington County, *Cuddy, J.*) pursuant to M.R. Civ. P. 80B affirming the decision of the Washington County Commissioners, which upheld the Town of Steuben's denial of Humboldt's and Eagle Hill's applications for property tax exemption pursuant to 36 M.R.S. § 652(1)(A) and (B) (2010).[1] We affirm the judgment.

[¶ 2] We take this opportunity to clarify which party has the evidentiary burden to prove or disprove entitlement to a municipal property tax exemption pursuant to 36 M.R.S. § 652(1)(A) and (B) when the taxpayer at issue has previously been granted the exemption and is then notified by the assessor that the prior exemption is no longer accepted by the municipality. Humboldt and Eagle Hill argue that the court erred in affirming the Commissioners' decision because the Town was required to continue Humboldt's and Eagle Hill's tax exemptions from the prior year, which were based on their status as charitable institutions, absent evidence of an organizational change. They also argue that the organizations are exempt as liter-ary and scientific institutions. We hold that Maine law consistently places the burden on the taxpayer to prove entitlement to a tax exemption, even when an exemption has been granted in prior years, if the assessor challenges the exemption. We also discern no error in the Commissioners' determination that Humboldt and Eagle Hill did not meet their burden to prove entitlement to an exemption.

## I. BACKGROUND

[¶ 3] When reviewing an appeal pursuant to M.R. Civ. P. 80B from the Superior Court acting in its appellate capacity, we review directly the decision of the tribunal with original jurisdiction. *Friends of Lincoln Lakes v. Town of Lincoln,* 2010 ME 78, ¶ 9, 2 A.3d 284. In this case, there were three decision-making entities involved prior to this appeal. The assessors of the Town of Steuben initially determined that Humboldt and Eagle Hill did not qualify for the exemption; the Washington County Commissioners then considered whether Humboldt and Eagle Hill did in fact qualify for the exemption; and upon appeal to the Superior Court, the court reviewed the Commissioners' decision.

[¶ 4] Because the Commissioners heard evidence and conducted a de novo review of the Town's exemption determination, pursuant to 36 M.R.S. § 844(1) (2010), and the Superior Court acted in a purely appellate capacity pursuant to M.R. Civ. P. 80B, we review the Commissioners' decision directly without deference to the Superior Court's intermediate review, *see Yates v. Town of Southwest Harbor,* 2001 ME 2, ¶ 10, 763 A.2d 1168.

---

1. Title 36 M.R.S. § 652 has been amended three times since 2007. *See* P.L.2007, ch. 438, § 19 (effective Sept. 20, 2007); P.L.2007, ch. 627, § 20 (effective July 18, 2007); P.L. 2009, ch. 425, § 1 (effective Sept. 12, 2009). These amendments have no bearing on the issues presented in this appeal.

## II. DISCUSSION

### A. Standard of Review

[¶ 5] We review the Commissioners' decision for an error of law, abuse of discretion, or findings not supported by substantial evidence. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. "The party seeking to overturn the decision bears the burden of persuasion" on appeal. *Id.* "We review issues of statutory interpretation de novo with the primary objective of giving effect to the Legislature's intent." *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. A tax exemption statute is narrowly and strictly construed with all doubt and uncertainty as to its meaning being weighed against exemption. *Hurricane Island Outward Bound v. Town of Vinalhaven*, 372 A.2d 1043, 1046 (Me.1977).

### B. Existing Tax Exemptions & Burden of Proof

[¶ 6] The statute governing local property tax exemption for institutions and organizations, 36 M.R.S. § 652(1) (2010), provides that the taxpayer bears the burden of proof at the time of its original application and further provides that any exemption that is granted remains in effect from year to year until the local assessor makes a later determination that the taxpayer no longer qualifies:

> An organization or institution that desires exemption under this section must file a written application *accompanied by written proof of entitlement* for each parcel on or before the first day of April in the year in which the exemption is first requested with the assessors of the municipality in which the property would otherwise be taxable. *If granted, the exemption continues in effect until the assessors determine that the organization or institution is no longer qualified.* Proof of entitlement must indicate the specific basis upon which exemption is claimed.

(Emphasis added.)

[¶ 7] Contrary to Humboldt's and Eagle Hill's contentions, however, this language does not shift the burden of proof to the Town in a later year when the taxpayer has been notified that it no longer qualifies for an exemption. We have long held that "[t]axation is the rule; exemption from taxation is the exception." *Advanced Med. Research Found. v. Town of Cushing*, 555 A.2d 1040, 1041 (Me.1989); *see also Hurricane Island Outward Bound*, 372 A.2d at 1046; *State Young Men's Christian Ass'n of Me. v. Town of Winthrop*, 295 A.2d 440, 441 (Me.1972); *Green Acre Baha'i Inst. v. Town of Eliot*, 150 Me. 350, 353, 110 A.2d 581, 583 (1954). "The burden of establishing tax exemption is upon the [taxpayer]. Exemption is a special favor conferred. The party claiming it must bring his case unmistakably within the spirit and intent of the act creating the exemption." *Hurricane Island Outward Bound*, 372 A.2d at 1046.

[¶ 8] Reading 36 M.R.S. § 652(1) in light of these principles, we conclude that the burden of establishing entitlement to a tax exemption always remains with the taxpayer. Pursuant to the statute, the taxpayer must first present written proof of entitlement with its original application for the exemption. If granted, the exemption remains in place unless and "until the assessors determine" otherwise. 36 M.R.S. § 652(1). The taxpayer, therefore, can rely on a previously granted exemption until notified by the assessor that it no longer qualifies. Once notified, however, the burden remains with the taxpayer to prove entitlement to the exemption, just as if it were applying for the exemption for the first time. *See* 36 M.R.S. § 652(1).

C. Factual Findings of the Commissioners

[¶ 9] Following a full factual hearing, the Commissioners concluded that Humboldt and Eagle Hill had not established an entitlement to a property tax exemption pursuant to 36 M.R.S. § 652(1)(A) or (B) for the 2008 and 2009 tax years. To meet their burden on appeal, Humboldt and Eagle Hill would need to show that the record compels a contrary determination in their favor. *See Quiland, Inc. v. Wells Sanitary Dist.*, 2006 ME 113, ¶ 16, 905 A.2d 806. The record does not compel a contrary finding, and we do not disturb the Commissioners' decision. We are unpersuaded by the taxpayers' remaining arguments, and we do not discuss them further.

The entry is:

Judgment affirmed.