STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-549

CHADWICK-BAROSS,
INC.,

　　　　Plaintiff

v.

CITY OF WESTBROOK
and ELIZABETH SAWYER,

　　　　Defendants

ORDER ON CROSS
MOTIONS FOR PARTIAL
SUMMARY JUDGMENT

10 MAR '15 PM2:55

In its complaint, plaintiff seeks declaratory judgment[1] that defendants' tax assessments on certain equipment owned by plaintiff are unlawful. Plaintiff and defendants filed cross motions for partial summary judgment on count I of the complaint, in which plaintiff alleges that the personal property at issue is exempt from taxation as "stock-in-trade" under 36 M.R.S. § 655(1)(B) (2014). For the following reasons, defendants' motion is granted and plaintiff's motion is denied.

FACTS

The facts are largely undisputed. In an effort to adhere strictly to the requirements of M.R. Civ. P. 56, the court will separately analyze the parties' statements of fact and draw inferences in favor of the non-moving party for each

---

1 Although many tax exemption cases come to the court as a Rule 80B appeal, see, e.g., Humboldt Field Research Inst. v. Town of Steuben, 2011 ME 130, ¶ 1, 36 A.3d 873, the Law Court has held that "[a] declaratory judgment action is a proper means to obtain a remedy when an entire tax assessment is void (e.g., the tax itself is unlawful or the taxing authority is invalid)." Capodilupo v. Town of Bristol, 1999 ME 96, ¶ 4, 730 A.2d 1257. Plaintiff alleges that the assessments are entirely unlawful and is therefore entitled to seek a declaratory judgment.

motion. See F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646 ("We analyze each motion separately, giving the opposing party the benefit of any reasonable inferences that can be drawn from the presented facts.").

Plaintiff's Motion

The following facts are presented in a light most favorable to the defendants. Plaintiff Chadwick-Baross, Inc. is a Maine corporation with a principal place of business in the City of Westbrook. (Pl.'s Supp. S.M.F. ¶ 1.) Defendant Elizabeth Sawyer is the Tax Assessor for the City of Westbrook. (Pl.'s Supp. S.M.F. ¶ 3.) In December 2012, defendants made a supplemental tax assessment of plaintiff's personal property and issued plaintiff a supplemental tax bill for $27,488.52. (Pl.'s Supp. S.M.F. ¶ 4.) The assessed personal property includes various items of heavy machinery, including wheel loaders, a hauler, and a skid steer. (Pl.'s Supp. S.M.F. ¶ 6.) In July 2013, defendants made a regular assessment of the same equipment and other items of plaintiff's personal property and issued plaintiff a regular tax bill for $26,790.72. (Pl.'s Supp. S.M.F. ¶¶ 7-9.)

As part of plaintiff's business, it offered potential buyers the opportunity to test and evaluate equipment, including the assessed property, prior to purchasing it. (Pl.'s Supp. S.M.F. ¶ 12.) These potential buyers were required to sign plaintiff's standard "Equipment Rental Agreement" before testing the equipment. (Pl.'s Supp. S.M.F. ¶ 13.) The rental agreement states: "Chadwick-Baross has the right to exchange the Equipment at any time for Equipment of equal capacity at no additional expense to Customer. If Customer has an option to purchase, that option, if not exercised, will lapse concurrent with the exchange." (Pl.'s Supp. S.M.F. ¶ 15.)

2

Defendants' Motion

In addition to plaintiff's facts, defendants submit the following facts in support of their own motion for summary judgment, which are presented in a light most favorable to plaintiff. Under the terms of plaintiff's rental agreement, the equipment was required to be located at all times at the customer's job site and was not to be removed without plaintiff's prior written consent. (Defs.' Supp. S.M.F. ¶ 6.) There is no dispute that 12 items of equipment were "in the hands of customers"[2] under the rental agreement on the assessment date of April 1, 2012. (Defs.' Supp. S.M.F. ¶ 8, as qualified by Pl.'s Opp. S.M.F. ¶ 8.)

On May 22, 2012, defendant Sawyer sent a letter to plaintiff pursuant to 36 M.R.S. § 706 and requested a list of all equipment it owned that was out on lease on April 1, 2012. (Defs.' Supp. S.M.F. ¶ 12.) Defendant Sawyer never received a written response to her letter from plaintiff. (Defs.' Supp. S.M.F. ¶ 13.) On October 22, 2012, defendant Sawyer sent a similar letter and requested the same information. (Defs.' Supp. S.M.F. ¶ 14.) On November 9, 2012, defendant Sawyer received a letter from Stuart Welch, plaintiff's President, stating plaintiff's view that the equipment was exempt stock-in-trade. (Defs.' Supp. S.M.F. ¶ 16.) In his letter, Mr. Welch listed the twelve pieces of equipment but did not provide any information about the value or age of any of the listed equipment. (Defs.' Supp. S.M.F. ¶¶ 16-17.) As a result, defendant Sawyer sent another letter to plaintiff requesting additional information about the ages and values of the equipment.

---

2 Plaintiff repeatedly claims it was not "leasing" the equipment that it rented to potential customers under its rental agreement. (See, e.g., Pl.'s Opp. S.M.F. ¶¶ 8, 16, 21, 28.)

3

(Defs.' Supp. S.M.F. ¶ 17.) After receiving no response, defendant Sawyer issued a supplemental assessment and tax bill to plaintiff in the amount of $27,488.52 for personal property taxes for the tax year ending June 30, 2013. (Defs.' Supp. S.M.F. ¶ 18.)

A similar sequence played out for the tax year ending June 30, 2014. (Defs.' Supp. S.M.F. ¶¶ 22-26.) Defendant Sawyer requested information, plaintiff failed to respond, and defendant Sawyer issued a tax bill for $26,790.72. (Defs.' Supp. S.M.F. ¶¶ 22-27.)

DISCUSSION

1. Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Dussault v. RRE Coach Lantern Holdings, LLC, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." McIlroy v. Gibson's Apple Orchard, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting N. E. Ins. Co. v. Young, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." Lewis v. Concord Gen. Mut. Ins. Co., 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." Id. When the parties have filed cross motions for summary

4

judgment, the court applies the same Rule 56 standard to each motion. F.R. Carroll, Inc., 2010 ME 115, ¶ 8, 8 A.3d 646.

   2. Stock-in-Trade Exemption

Under 36 M.R.S. § 655(1)(B), there is a personal property tax exemption for "[s]tock-in-trade, including inventory held for resale by a distributor, wholesaler, retail merchant or service establishment." Plaintiff argues that the assessed machinery falls under this exemption because it could have been sold at any time. Defendants argue that, because the equipment was not in plaintiff's possession on the assessment date, it was not tax exempt under the statute.

The Law Court has repeatedly instructed that "[t]axation is the rule; exemption from taxation is the exception." Humboldt Field Research Inst. v. Town of Steuben, 2011 ME 130, ¶ 7, 36 A.3d 873 (alteration in original). Thus, exemptions from taxation are strictly construed and "the party claiming [an exemption] must bring his case unmistakably within the spirit and intent of the act creating the exemption." Id.

The key terms in 36 M.R.S. § 655(1)(B), including "stock-in-trade", "inventory", and "held for resale" are not defined by statute. In Inhabitants of Town of Farmington v. Hardy's Trailer Sales, Inc., the court explained the history of stock-in-trade taxation in Maine. 410 A.2d 221, 223-24 (Me. 1980). Prior to the enactment of the tax exemption in 1973, stock-in-trade was taxed in the town where the property was situated, provided the owner had a store or shop in the town. Id. at 223. The court explained that, when the Legislature enacted 36 M.R.S. § 655(1)(B), it "continued to treat stock in trade as manufactured merchandise held for sale by the owner . . . ." Id. at 224.

5

The Law Court has since confirmed that the property must be in the taxpayer's possession on the assessment date to qualify for the stock-in-trade exemption. In Eagle Rental, Inc. v. City of Waterville, the court held that property in possession of a lessee under a lease agreement does not qualify for the exemption. 632 A.2d 130, 132 (Me. 1993). In a later case, the court explained, "[w]here equipment inventory is in the taxpayer's possession and is available for both sale and rental on the assessment date, it is tax-exempt." Handyman Equip. Rental Co., Inc. v. City of Portland, 1999 ME 20, ¶ 7, 724 A.2d 605 (emphasis added).

Plaintiff argues, however, that 36 M.R.S. § 655(1)(B) does not require actual possession by the taxpayer, but only the "right of possession." Plaintiff relies on the provision in its rental agreement that gives it the right to exchange the rented property with other property of equal capacity at any time. (Pl.'s Supp. S.M.F. ¶ 15.) While plaintiff is correct that Eagle Rental mentions that a traditional lease limits the owner's right of possession, 632 A.2d at 132, plaintiff's rights to the rented equipment in this case are also limited. Contrary to plaintiff's argument, the provision it relies on does not give plaintiff the ability to sell the rented property at any time. To exercise its right to possess the equipment, plaintiff must replace it with other equipment of the same capacity. Thus, plaintiff would have to procure other equipment and deliver it to the customer before it could sell the equipment in the customer's possession. This requirement seriously limits plaintiff's ability to sell the equipment to a third-party buyer.

Further, granting considerable tax savings to plaintiff on the basis of one provision in its lease would create a disfavored incentive. As the Supreme Court of Connecticut observed:

6

> To allow a tax exemption simply because the prospective purchaser has entered into a lease-purchase agreement, rather than an ordinary sale or lease under which either the purchaser or the lessor-owner would be required to pay taxes on the machine, would create an incentive for the lease-purchase form of transaction based upon the opportunity to avoid taxes during a substantial period of the useful life of the machine.

Tyler Equip. Corp. v. Town of Wallingford, 561 A.2d 936, 940 (Conn. 1989). If plaintiff's argument were accepted, such lease-purchase agreements could easily be drafted to ensure tax exemption. Because the Law Court has denied the exemption to property that is under a valid lease agreement, and because tax exemptions must be strictly construed against the taxpayer, plaintiff's equipment is not eligible for tax exemption under 36 M.R.S. § 655(1)(B).

3. Assessment Inaccuracies

Plaintiff also alleges that it did not own all of the assessed equipment on the assessment date, April 1, 2013, for the tax year ending June 30, 2014. (Compl. ¶ 30.) Plaintiff is barred from seeking abatement, however, because it failed to respond to defendants' repeated requests for information about the equipment. 36 M.R.S. § 706 (2014) ("A taxpayer's refusal or neglect to answer inquiries bars an appeal . . . ."); 36 M.R.S. § 841(1) (2014) (giving municipal officers discretion to provide reasonable abatement, "provided the taxpayer has complied with section 706"). In addition, a taxpayer must challenge the accuracy of tax assessments through the administrative abatement process, which plaintiff failed to do in this case. Capodilupo v. Town of Bristol, 1999 ME 96, ¶ 4, 730 A.2d 1257.

The entry is

> Defendant's Motion for Partial Summary Judgment on Count 1 of Plaintiff's Complaint is GRANTED. Judgment is entered in favor of Defendants and against Plaintiff on Count 1 as follows: Plaintiff's twelve items of equipment included in the 2013

7

supplemental assessment and supplemental tax bill, issued to Plaintiff by Defendants, were not personal property exempt from taxation pursuant to 36 M.R.S. § 655(1)(B) and are subject to a personal property tax or lien. Plaintiff's failure to respond to Defendants' requests for information about the equipment bars an application for abatement or an appeal. 36 M.R.S. § 706.

Plaintiff's Motion for Partial Summary Judgment is DENIED.

Date: March 10, 2015

Nancy Mills
Justice, Superior Court

8

DAVID MCCONNELL ESQ
PERKINS THOMPSON
PO BOX 426
PORTLAND ME 04112-0426


NATALIE BURNS ESQ
ROY PIERCE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112