Plaintiff- John Shumadine, Esq.
Defendant Cunner Lane LLC-Alan Atkins, Esq.
Defendant Town of Cape Elizabeth-John Wall, Esq.

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.:
**PORSC-AP-2016-32**

LESLIE FISSMER, Individually and as
Trustee of the LESLIE S. FISSMER
REVOCABLE TRUST,

Petitioner,

v.

TOWN OF CAPE ELIZABETH and
CUNNER LANE, LLC,

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

**80B JUDGMENT**

STATE OF MAINE
Cumberland. ss. Clerk's Office

NOV 21 2016

RECEIVED

Before the Court is Petitioner's Petition for 80B Review of Governmental

Action.

I.      Background

This is the second time the Court has reviewed an appeal of governmental

action filed by Petitioners concerning the Cape Elizabeth Zoning Board of

Appeals' (the "Board") issuance of a building permit to Respondent Cunner

Lane, LLC. Petitioners first filed a review of building permit on June 19, 2015.

The facts of that case can be found in the Court's order dated May 17, 2016.

In the 2015 petition, the Petitioners raised two main arguments. First, whether

the Public Access Waiver issued for 21 Cunner Lane in 1997 continues to be valid

today in place of the requirements established by amendments to the Town of

Cape Elizabeth Zoning Ordinance (the "Ordinance"). Second, assuming that the

Public Access Waiver is not still valid, whether 19 Cunner Lane meets the

requirements of the current Ordinance.

1

The Court remanded the case to the Board for further findings of fact. On remand, the Board found the following additional facts:

4. The Board finds that the 1997 Public Access Waiver remains valid
5. Notwithstanding the Cape Elizabeth Planning's (sic) Board grant of a Public Access Waiver in 1997 on February 23, 2010, the owner of 19 Cunner Lane was advised by the Code Enforcement Officer that he must meet the requirements of Section 19-7-9A1 and Section 19-7-9A2 of the Zoning Ordinance now in effect to provide access to, and street frontage for, a residential lot before a building permit would issue.
6. There is no dispute that the owner of 19 Cunner Lane has met the requirements of Section 19-7-9A1 of the Zoning Ordinance.
7. By virtue of the Declaration of Covenants with Respect to Road Maintenance Individual executed by the owner of 19 Cunner Lane and recorded in Cumberland County Registry of Deeds Book 27717, Page 215 on April 20, 2010, the owner of 19 Cunner Lane has met the requirements of 19-7-9A2.
8. Inasmuch as the owner of 19 Cunner Lane has met the requirements of Section 19-7-9A1 and Section 19-7-9A2 of the Zoning Ordinance, the Code Enforcement Officer did not err by approving building permit number 150401 to construct a single family dwelling on a vacant lot at 19 Cunner Lane Tax Map U14 Lot 26-1.

(R. at 417).

Petitioner now challenges the issuance of the building permit to Respondent Cunner Lane, LLC on the grounds that there is no evidence in the record supporting a finding that Cunner Lane, LLC has met the requirements of Section 19-7-9A2 of the Cape Elizabeth Zoning Ordinance.

II.     Standard of Review

The Superior Court reviews the decision of the fact-finding body in 80B appeals. *Friends of Lincoln Lakes v. Town of Lincoln,* 2010 ME 78, ¶ 9, 2 A.3d 284. The decision is reviewed for errors of law, abuse of discretion, or findings not supported by substantial evidence. *Aydelott v. City of Portland,* 2010 ME 25, ¶ 10, 990 A.2d 1024. The burden of persuasion is born by the party seeking to overturn the decision. *Id.* "We review issues of statutory interpretation de novo with the

2

primary objective of giving effect to the Legislature's intent." *Humboldt Field Research Inst. v. Town of Steuben*, 2011 ME 130, ¶ 5, 36 A.3d 873 (citing *Searle v. Town of Bucksport,* 2010 ME 89, ¶ 8, 3 A.3d 390).

III.    Discussion

Petitioner has brought this appeal challenging the decision of the Board on the basis that there is no evidence in the record that supports issuance of a building permit for the new lot at 19 Cunner Lane. According to the Cape Elizabeth Zoning Code, in order for a building permit to issue for a new lot on a private road, the landowner must comply with Section 19-7-9A of the Zoning Ordinance which states:

> A.  Existing Private Road Standards
> A private road that existed as of June 4, 1997, and is shown on the Town Street Map may be used to provide access to and street frontage for a residential lot upon certification by the Code Enforcement Officer that:
>   1.  based upon the recommendation of the Fire Chief, that the road provides adequate all-season emergency access for the existing and proposed use, and
>   2.  legally binding arrangements exist to provide for the long-term maintenance of the road.

Town of Cape Elizabeth Zoning Code Ordinance § 19-7-9A. Petitioner argues that there is no evidence in the record to support the Board's finding that a legally binding arrangement exists to provide for the long-term maintenance of the *entirety* of the road. Petitioners argue that the document cited to in the Board's findings, the Declaration of Covenants with Respect to Road Maintenance Individual, pertains only to the portion of the road that fronts the 19 Cunner Lane. The Declaration of Covenants with Respect to Road

Maintenance Individual did not pertain to the entire length of Cunner Lane.[1] Therefore, Petitioners argue that there is no evidence in the record of an agreement for the long-term maintenance of the entire road, and therefore, Petitioners argue that a finding that the requirements of Section 19-7-9A2 were met is unsupported.

The Board discussed that there were agreements and arrangements for maintenance of Cunner Lane from the public road to 19 Cunner Lane in the Board meeting on July 18, 2015. (R. at 141-44). The discussion, found in the record, is evidence in support of the finding that the requirements of Section 19-7-9A2 were met. The Board's conclusion as to what facts meet the requirements of the Zoning Ordinance are afforded great deference and "will only be overturned if it is not adequately supported by evidence in the record." *Jordan v. City of Ellsworth*, 2003 ME 82, ¶ 8, 828 A.2d 768; *See Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (1996); *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684 (*"local characterizations or fact-findings as to what meets ordinance standards will be accorded 'substantial deference.'"*); *Briggs v. Town of York*, 2015 Me. Super. LEXIS 98, *18 (Me. Super. Ct. May 15, 2015).

Petitioners have failed to carry the burden of showing that the Board made errors of law, abused its discretion, or made findings not supported by substantial evidence.

IV.     Conclusion

---

[1] Upon information and belief, the Declaration of Covenants with Respect to Road Maintenance Individual has been amended to provide for the maintenance of the entirety of Cunner Lane.

4

The Court affirms the decision of the Town of Cape Elizabeth Zoning Board
of Appeals.

Date: 11/21/16

Lance Walker
Justice, Superior Court