**Petitioner-John Alden Carrier III**
**Pro Se Litigant**
**Respondent-William Dale, Esq.**

Mcv

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                         Docket No.: AP-16-31

JOHN ALDEN CARRIER III,                    )
                                           )
Petitioner,                                )
                                           )
v.                                         )     80B JUDGMENT
                                           )
BUSTINS ISLAND VILLAGE                     )
CORPORATION,                               )          STATE OF MAINE
                                           )     Cumberland ss Clerk's Office
Respondent.                                )
                                           )           MAR 02 2017
                                                        **RECEIVED**

I.      Background

Petitioner has filed this 80B appeal seeking review of the June 18, 2016 action

of the Bustins Island Village Corporation (BIVC) Board of Appeals (ZBA). On

June 18, 2016, the ZBA denied Petitioner's appeal of a notice of violation letter

issued by the BIVC Building Inspector alleging violations of the BIVC Zoning

Ordinance for maintaining a semi-permanent tent platform and use of the

platform on Petitioner's lot in the Resource Protection Zoning District.

The ZBA made the following findings of fact and conclusions of law.

Petitioner's property is Lot 69A and is in the Resource Protection District. Notice

of Decision, June 18, 2016. Recreational Camping is allowed in the Resource

Protection District as a permitted activity for seven days or fewer in a 30-day

period. *Id.* The ZBA determined that a permit is required to pitch and use a tent.

*Id.* The ZBA quoted the Zoning Ordinance's definition of Recreational Camping:

"Use of any Tent with no Foundation or platform for the purpose of providing

temporary shelter for one or more persons for recreational purposes". *Id.*

1

Petitioner requested to pitch a tent on the platform from May until October. *Id.* The ZBA found that the use of the platform as proposed in the permit application and as currently used by Petitioner is in violation of the Zoning Ordinance. *Id.* The ZBA found that the tent platform had been on the property for 8-10 years, that the platform constitutes a "Structure" under the Zoning Ordinance, and that there is no evidence that a Building Permit or Conditional Use Permit was issued that would allow for the Structure to remain on the property. *Id.* The ZBA found that the platform is a Prohibited Use pursuant to the Zoning Ordinance Article 4.1.5. *Id.* Finally, the ZBA determined that maintenance of the platform is not sanctioned and the platform is subject to removal. *Id.*

Petitioner seeks reversal of the ZBA's determination and an order of the Court enjoining BIVC from enforcement of its determination.

II.     Standard of Review

The Superior Court reviews the decision of the fact-finding body in 80B appeals. *Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶ 9, 2 A.3d 284. The decision is reviewed for errors of law, abuse of discretion, or findings not supported by substantial evidence. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. The burden of persuasion is born by the party seeking to overturn the decision. *Id.* "We review issues of statutory interpretation de novo with the primary objective of giving effect to the Legislature's intent." *Humboldt Field Research Inst. v. Town of Steuben*, 2011 ME 130, ¶ 5, 36 A.3d 873 (citing *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390).

2

III.    Discussion

Petitioner challenges the determination of the ZBA on three grounds. First, Petitioner contends that the Zoning Ordinance is in conflict with the Freeport Zoning Ordinance on the issues of tenting and tenting platforms and that the Zoning Ordinance is therefore invalid on that point. Second, Petitioner alleges that the ZBA failed to follow necessary procedure. Finally, Petitioner argues that he was discriminated against in application and enforcement of the Zoning Ordinance.

A.  Zoning Ordinance

The Court reviews questions of law de novo upon application for review of governmental action. In this case, the Court looks to the language of the Zoning Ordinance. According to the Zoning Ordinance, "Recreational Camping" is allowed in the Resource Protection Zone, for as many as seven out of any given 30 days, "without the need for a Building or Use Permit". Zoning Ordinance § 4.1.3. "Recreational Camping" is defined as "[u]se of any Tent with no Foundation or platform for the purpose of providing temporary shelter for one or more persons for recreational purposes." Zoning Ordinance § 3.1. There is no contemplation of a "Tenting Permit" in reference to recreational camping within the Zoning Ordinance.[1] Furthermore, the Zoning Ordinance prohibits the existence of a "Tenting Area" on the Island. Zoning Ordinance § 5.4. "Tenting area" is defined as "[a] plot of land on which Tents are pitched for more than 30 days in a year." Zoning Ordinance § 3.1.

---

[1] After defining the term, the only use of the term "Tenting Permit" found in the Zoning Ordinance is in reference to a "Party Tent". In the instance of a "Party Tent", a permit to ensure that the sanitary systems are adequate for the gathering. Zoning Ordinance § 5.4(2)(b).

The Court finds that as a matter of law, a Tenting Permit is not required for the permitted use of Recreational Camping in the Resource Protection Zone. Because Tenting Areas are not allowed on BIVC pursuant to the Zoning Ordinance, Petitioner is limited to pitching his tent in BIVC thirty days of the year. The Court reverses the determination of the ZBA concerning Petitioner's Application for Tenting Permit because no Tenting Permit is required for Recreational Camping.[2]

B. Administrative Procedure

Petitioner challenges the ZBA's determination on the basis that BIVC failed to follow the procedure set out in the Zoning Ordinance. Upon discovering a violation of the Zoning Ordinance, the Code Enforcement Officer or Building Inspector

> shall notify in writing the person responsible for such violation, indicating the nature of the violation and ordering the action necessary to correct it. He shall order discontinuance of illegal Use of land, Buildings, or Structures; removal of illegal Buildings, Structures, additions, or work being done; or shall take any other action authorized by this Ordinance to insure compliance with or to prevent violation of its provisions.

Zoning Ordinance § 6.5. If the person responsible for the violation fails to respond, the Board of Overseers is authorized to bring legal action. Zoning Ordinance § 6.6. If BIVC prevails in a legal action, it may fine the individual convicted of the civil violation as little as $5 and as much as $100 for each day the violation persisted after the initial notice. Zoning Ordinance § 6.7.

---

[2] The Court finds that the Zoning Ordinance neither allows nor prohibits the pitching of a tent in BIVC for thirty consecutive days with or without a permit. Additionally, the Court finds no authority within the Zoning Ordinance that explicitly prohibits tent platforms, assuming that there is not a tent pitched upon the platform for more than thirty days a year. As such, Petitioner would be free to seek a Building Permit or Conditional Use Permit for a tent platform.

4

In the current case, Petitioner was issued a notice of violation dated July 7, 2015. The violations listed in the notice were: a platform was built without a building permit; unauthorized tenting without a tenting permit; construction of a residential structure without a plumbing permit;[3] and engaging in residential activities in the Resource Protection District without the appropriate permits. Notice of Violation, July 7, 2015. In the June 18, 2016 Decision, the Board affirmed the Code Enforcement Officer's denial of tenting permit and order to remove the tenting platform.

The Court does not address whether BIVC followed proper procedure for denial of a tenting permit, because, as discussed above, a tenting permit is not needed for Recreational Camping in the Resource Protection District. The Court finds that issuance of a Notice of Violation is the proper procedure for commencing removal of an unpermitted structure. If Petitioner's tent platform was built after a Building Permit or Conditional Use Permit was required, as defined by the Zoning Ordinance at the time that the platform was built, then the Court finds that BIVC followed the proper procedure for ordering the removal of the platform. However, because there is no finding of what the Zoning Ordinance required at the time that the platform was built in the Zoning District that Petitioner's lot was in at the time of construction, the Court finds that there is not sufficient evidence in the record to support the Board's Decision. The Court remands the Board's June 18, 2016 Decision for findings of fact concerning whether a Building Permit or Conditional Use Permit was required to build the tent platform at the time it was built.

---

[3] The Board did not address the noticed violation of construction of a residential structure without a plumbing permit in the June 18, 2016 Decision.

5

The Court need not address Petitioner's claim of discriminatory treatment.

IV.    Conclusion

The Court vacates the Board's denial of Petitioner's application for tenting permit.

The Court remands the Board's order of removal of platform for further findings of fact.

Date:    3/2/17

Lance Walker
Justice, Superior Court